ELLEN M. BERNER, an Infant, by THEOPHILUS H. BERNER, Her Guardian ad Litem, Respondent, *v.* BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 1, NORTH TONAWANDA, Appellant.

THEOPHILUS H. BERNER, Respondent, *v.* BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 1, NORTH TONAWANDA, Appellant.

Argued June 2, 1941; decided July 29, 1941.

*Alpheus R. Phelps* and *Salem G. Mansour* for appellant. There was no breach by appellant of any legal duties owed to the infant respondent. The appellant was under no duty to enact express rules and regulations governing the conduct of pupils in the high school corridors before the commencement of classes. (*Hoose* v. *Drumm*, 281 N. Y. 54; *Kantor* v. *City of New York*, 251 App. Div. 454; *Gow* v. *Glasgow Education Authority*, [1922] Sess. Cas. 260.)

*Heffren J. Cohen* and *Joseph Ambrusko* for respondents. There was a duty of care owing by the defendant to the infant plaintiff which the defendant failed to perform, as the result of which such plaintiff was injured. (*Garber* v. *School District No. 1*, 251 App. Div. 214; *Smith* v. *Board of Education*, 255 App. Div. 924; *Rafsky* v. *New York City*, 257 App. Div. 855; *Fritz* v. *City of Buffalo*, 277 N. Y. 710; *Williams* v. *Board of Trustees*, 204 App. Div. 566; 210 App. Div. 161; *Popow* v. *Central School District No. 1*, 277 N. Y. 538; *Herman* v. *Board of Education*, 234 N. Y. 196; *Lessin* v. *Board of Education*, 247 N. Y. 503; *Rapisardi* v. *Board of Education*, 242 App. Div. 647.) The defendant was under a duty to provide some degree of supervision or to make and enforce rules or regulations, any of which might have prevented this accident. Having failed to do so, it was clearly negligent. (*Hamburger* v. *Cornell University*, 240 N. Y. 328; *Fritz* v. *City of Buffalo*, 277 N. Y. 710; *Popow* v. *Central School District No. 1*, 277 N. Y. 538; *Augustine* v. *Town of Brant*, 249 N. Y. 198; *Van Dyke* v. *City of Utica*, 203 App. Div. 26; *Williams* v. *Board of Trustees*, 210 App. Div. 161; *Smith* v. *Board of Education*, 255 App. Div. 924; *Garber* v. *School District No. 1*, 251 App. Div. 214; *Lessin* v. *Board of Education*, 247 N. Y. 503; *Herman* v. *Board of Education*, 234 N. Y. 196.)

LEWIS, J. The Legislature has given to boards of education of union free school districts, including the defendant-appellant in the present case, " the superintendence,

management and control of * * * union free schools," within their respective districts and has imposed upon such boards the duty " to establish such rules and regulations concerning the order and discipline of the schools, in the several departments thereof, as they may deem necessary to secure the best educational results." (Education Law [Cons. Laws, ch. 16], § 310, subds. 2 and 12; cf. id., § 275, subd. 9.)

In the present case we are to determine whether there is any substantial evidence to establish that the proximate cause of personal injuries sustained by the infant plaintiff was a failure by the defendant to perform the statutory duties thus imposed.

The infant plaintiff was a member of the senior class of North Tonawanda High School,— a school in which were registered 1,200 pupils of whom 800 attended the morning session which commenced at eight o'clock. The school was under the supervision of the defendant Board of Education. Its staff of teachers numbered forty, including the principal. The school building was opened on the morning of each school day at seven o'clock, after which hour pupils were permitted within the building to go to their lockers and to the study hall, or to remain in the corridors. They were not permitted to enter their class rooms until eight o'clock. The principal of the school, whose office was on the second floor, arrived at seven-thirty A. M.; the teachers were required to be present at seven-forty-five A. M.

On the morning of the accident the infant plaintiff, having arrived from Martinsville in the school bus at about seven-thirty, entered the school building and went directly to the second floor. As she turned a corner in the second floor corridor she was struck in the left eye by a tennis ball and thus sustained the injury for which she has been awarded damages against the defendant Board of Education. The pupil, Winters, who threw the ball, had arrived at the school about seven-twenty-five A. M. and had brought with him two old tennis balls to give to a friend. There were not more than five pupils in the upper corridor when he and a companion, Klein, commenced to roll one of the

tennis balls back and forth on the floor. They had played in this fashion for about five minutes when another pupil intercepted the ball and threw it to Winters. The accident occurred when Winters in turn attempted to throw the ball to Klein.

There is proof that prior to the accident there had been occasional instances of youthful antics by students, which had taken place in the second floor corridor near the door of the principal's office. It appears, however, without contradiction, that no casualty had resulted from these juvenile pranks and the occasions had been few when either principal or teachers were called upon to stop the play or to remonstrate with the participants. Rules were in force which forbade " snow balling and throwing hard objects on the school premises " but there was no proof of a rule which specifically warned against throwing a tennis ball indoors.

Upon the subject of rules the trial justice charged the jury, in response to the defendant's request and without exception by the plaintiffs, that before recovery could be had by the plaintiffs it must appear that a failure by the defendant to adopt rules was the proximate cause of the accident. The ruling thus made became the law of the case.

In that connection, and bearing upon the question of the necessity for such rules, the only proof that balls had been thrown inside the school building prior to the accident came from the following witnesses: The plaintiff herself could remember only one prior occasion during the four years of her attendance at the school when she had seen a ball thrown inside the building. As to that single instance the plaintiff testified that the teacher spoke to the boys and the play stopped. Another girl, who had been present when the accident occurred and was called as a witness by the plaintiff, had never before seen a ball thrown back and forth or against a wall, inside the building, during the four years of her high school course. She did recall three or four occasions when she had seen a ball being " bounced " on the floor " up and down." The third

witness, called by the plaintiffs, was also a girl who had attended the school for four years, during the last year of which she had reached the building on school days between seven and seven-ten A. M. She had never seen boys "playing ball" or "playing with a ball" inside the building. She testified that just prior to the accident, which she witnessed, the two boys, Winters and Klein, were not throwing the ball through the air. They were rolling it back and forth along the floor until Winters made his final catch and for the first time had thrown it through the air when it struck the plaintiff. The school principal testified that prior to plaintiff's injury it had never been brought to his attention that balls had been thrown inside the building. The two boys, Winters and Klein, had never before played ball inside the building. Winters had seen a ball tossed back and forth but "no great distance;" Klein had seen a ball bounced on the floor.

In the determination of this appeal we are not required to define the scope of the defendant's statutory duties. We have seen that according to the law of the case, as prescribed by the trial justice in his charge, the jury was instructed that the defendant's liability required as its basis proof that the proximate cause of the accident was a failure by the defendant to adopt rules which would have prevented it.

We find in the record no substantial evidence that, prior to the accident which befell the infant plaintiff, the defendant Board of Education or its agents in immediate charge of the school, had permitted ball playing inside the school; nor is there proof that there had been ball throwing indoors or other behavior by the pupils which in character was so dangerous as to render the corridors unsafe for use, or from which danger to pupils could be foreseen.

The judgments should be reversed and the complaints dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH and CONWAY, JJ., concur; RIPPEY and DESMOND, JJ., dissent.

Judgments reversed, etc.