FOURTH DEPARTMENT, JANUARY, 1942.

(January 7, 1942.)

SHORE BRIDGE CORPORATION, Respondent, v. CITY OF HORNELL, Appellant.—
Judgment reversed on the law and facts, with costs, and complaint dismissed,
with costs. Memorandum: It was reversible error to permit the jury to construe
the contract including section 44 of the specifications. (*Brainard* v. *New York
Central Railroad Company*, 242 N. Y. 125. 133; *Braxton* v. *Mendelson*, 233 id.
122, 124.) While the defendant's exception was to the whole charge, the plaintiff
specifically directed the court's attention to the errors and we think that this
was sufficient to focus the court's attention on the fact that this particular phase
of the charge was included in the defendant's general exception. This error would
call for a reversal and a new trial. However, the plaintiff failed to prove that it
had complied with the provisions of section 44 of the specifications relative to
attempting to arrange with the Spencer Ross Company a date for the erection of
the abutments and the occupation of the site. This, plaintiff had to do, before
the defendant's engineer Robinson was required to establish a decision specifying
a date for the erection of the abutments and the occupation of the site. More-
over, the evidence indicates that the defendant's city engineer and mayor were
reasonably diligent in attempting to have the army engineers and the Spencer
Ross Company set a date for the erection of the abutments and the occupation
of the site so that the plaintiff might begin the erection of the bridge under its
contract. We also think that the 120 days allowed under the contract for the
completion of the work did not begin to run until the abutments had been erected
and the site was available for occupation by the plaintiff. Furthermore, the
plaintiff failed to prove. either compliance with section 174 of the specifications
or that it could not have used its equipment on the Hudson job. Since the plain-
tiff failed to prove compliance with the provisions of the contract requiring it to
initiate proceedings for the establishing of a date for the erection of the abutments
and the occupation of the site and since, under the contract, the army engineers
alone could set the date for the erection of the abutments and since the city did
all that it reasonably could have done to have the army engineers specify a date,
we think that the plaintiff failed to establish its cause of action. Since all avail-
able evidence appears to be in the record, a new trial would serve no useful purpose.
The judgment should be reversed and the complaint should be dismissed upon
the merits. All concur. (The judgment is for plaintiff in an action on a breach
of contract.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and
McCurn, JJ.

MARY INDA, Individually and as Administratrix, etc., of ALBERT INDA, Deceased,
Appellant, v. ANDREW P. INDA and Others, Respondents.— Judgment so far as
appealed from affirmed, without costs of this appeal to any party. All concur,
except Crosby, P. J., and Dowling, J., who dissent and vote for reversal and for
granting judgment as demanded in the complaint. (The portion of the judgment
appealed from awards defendants Inda the amounts of bank accounts in two
of the three defendant banks, in an action to recover amount of bank deposits.)
Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.