Bradley Delehanty, as Surviving Trustee for Certificate Holders of Guarantee No. 171038 of the Bond and Mortgage Guarantee Company, Respondent, v. Eugene R. Hurley et al., Appellants, et al., Defendants.— Action to recover $15,000 held in escrow under a written stipulation entered into in settlement of certain litigation between the plaintiff, as well as his former cotrustees, and the County of Nassau, the Treasurer of Nassau County and the Bonded Municipal Corporation. Judgment in favor of the plaintiff against the individual defendants Hurley and Dowsey for the amount of the fund and dismissing the claim of the County of Nassau thereto, modified on the law and facts by striking therefrom the provision awarding judgment against the defendants Hurley and Dowsey and inserting in place thereof a provision that the judgment for the amount stated therein shall be against the defendant County of Nassau; and further providing that the amended complaint shall be dismissed as to the defendants Hurley and Dowsey. As thus modified, the judgment is unanimously affirmed, with costs to the plaintiff against defendant County of Nassau. (1) The order making the County of Nassau a party and

amending the amended complaint so as to insert an allegation that the County was asserting a claim to the fund held in escrow, made the County a party defendant for all purposes. The amended complaint contained an allegation that the plaintiffs were in doubt as to the defendant or defendants from whom they were entitled to redress. The County, as a result of the order making it a party defendant, became subject to that allegation. The prayer for relief demanded judgment against the defendants " or such of them as may be liable " and similarly the defendant County became subject to that demand for relief. The proof received without objection disclosed that the County in fact was the escrow depositary. The fact that it became so, somewhat irregularly, does not lessen its obligation to respond to the plaintiff if he be otherwise entitled to the money. As the proof was received without objection, the complaint is deemed amended to authorize its receipt and the court, in any event, directs that the complaint be amended to conform to the proof and that judgment be given accordingly under section 584 of the Civil Practice Act. (2) The right to the $15,000 is to be determined under the contract between the plaintiffs and the Paragon Land Corporation in the absence of a provision in the stipulation, invoked by defendant County, to the contrary. The Paragon Land Corporation defaulted under its contract and the $15,000 thereupon became the absolute property of the plaintiffs, mortgage trustees herein. In that contract, receipt of the $15,000 was acknowledged by the mortgage trustees and they agreed to custody being withheld from them pursuant to the terms of a stipulation referred to in that contract. The stipulation invoked by defendant County as entitling it to the moneys was not a contract of sale of the land involved by the County to the mortgage trustees. It was a stipulation of settlement of litigation incidental to which the County was to convey the property, in a given contingency, to the mortgage trustees and they were, in turn, to convey to their purchaser, the Paragon Land Corporation. A reading of the stipulation as a whole discloses that the County was to become entitled to the $15,000 only in the event that Paragon Land Corporation carried out its contract with the mortgage trustees. In no other event was the County to retain the money. The stipulation did not refer to the $15,000 as a down payment as between the mortgage trustees and the County of Nassau in connection with any conveyance by the latter; nor did it contain a provision fairly indicating that it was to have the $15,000 in the event that Paragon failed to carry out its contract with the mortgage trustees. The fund, therefore, belonging to the mortgage trustees under the Paragon contract and actually, although irregularly, possessed by the County of Nassau, in disregard of the terms of the stipulation, must be paid by the County of Nassau to the plaintiff as the true owner. (3) Judgment against the individual defendants Hurley and Dowsey may not be sustained. There is a defect of proof in that it does not appear that either Hurley or Dowsey ever in fact became possessed of the $15,000 as an escrow depositary or otherwise, although the stipulation of settlement of the litigation provided that the attorney for defendant County of Nassau was to hold the money in escrow. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See post, p. 755.]