Rocco Venuto, Appellant-Respondent, v. Wine Growers Guild, Respondent-Appellant.— Order insofar as it grants a new trial on the first cause of action modified on the law and facts by granting defendant's motion for a dismissal of the complaint on the first cause of action, and otherwise order affirmed, without costs of this appeal to either party. Memorandum: The trial court properly concluded that the jury's finding that the plaintiff had put $16,000 of his own money into the business as required by plaintiff's version of the contract was contrary to the evidence. The verdict of the jury as to the first cause of action was therefore properly set aside. The evidence on the part of the plaintiff failed to establish that he had complied with the terms of the contract according to his own version of such terms. The evidence presented no question of fact for the jury as to the first cause of action. The defendant's motion for a nonsuit at the close of the evidence should have been granted as to the first cause of action and that cause of action should now be dismissed. The record appears to contain all of the available evidence and it appears obvious that a new trial cannot change the basic facts. (See *Shore Bridge Corp.* v. *City of Hornell,* 263 App. Div. 925, affd. 290 N. Y. 608; *Casualty Co. of America* v. *United States Cas. Co.,* 161 App. Div. 591, affd. 221 N. Y. 560.) We have considered the plaintiff's contention that the defendant waived its right to terminate the contract. The theory of waiver was not advanced at the trial. Considering the different versions as to the terms of the contract and the evidence as to the circumstances leading up to its termination we can see no basis upon which a waiver might be predicated if a new trial were had. We approve of the order setting aside the jury's verdict as to the second cause of action and granting a new trial thereon. All concur. (Cross appeals from an order setting aside the verdict of a jury in favor of plaintiff, and granting a new trial in an action for breach of contract. Defendant's appeal is from that part of the order denying dismissal and a directed verdict.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See 282 App. Div. 829.]

■

The People of the State of New York, Respondent, v. Merle Van Cleaf, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment convicting defendant of the crimes of attempted rape, first degree, and assault, third degree.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

■

Sidney G. Lodge, Appellant, v. Flicker Cab Corporation, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

■

In the Matter of Viola Davis, Appellant, against Lee Whalen, Respondent.— Final order affirmed, without costs of this appeal to either party. All concur. (Appeal from a final order dismissing the complaint in a filiation proceeding.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ. [Same case 203 Misc. 181.] [See 282 App. Div. 849.]