GEORGE GRACE, Appellant-Respondent, *v.* DRY DOCK SAVINGS BANK, Defendant and Interpleading Plaintiff. KNOLLS COOPERATIVE SECTION No. 2, INC., Interpleaded Defendant-Respondent-Appellant.

First Department, May 14, 1957.

*Hyman Fried* (*Abbie Goldstein* with him on the brief), for appellant-respondent.

*Eugene J. Morris* of counsel (*A. Carleton Dukess* with him on brief; *Demov & Morris,* attorneys), for interpleaded defendant-respondent-appellant.

RABIN, J. The complaint herein is for brokerage commissions allegedly due pursuant to contract. Grace (the plaintiff), Dry Dock Savings Bank (the defendant and interpleading plaintiff), and the Knolls Cooperative Section No. 2, Inc. (the interpleaded defendant) specified by written agreement that plaintiff " is the

only party in the capacity of broker or otherwise who has nego-
tiated for the placing of '' a mortgage loan by Knolls with Dry
Dock, and that Dry Dock was to pay to the plaintiff '' as and
for his brokerage or commissions in full an amount equivalent
to 1-½% of the principal amount of the loan ''. A mortgage
loan was made by Dry Dock to Knolls in the amount of $2,240,-
100. The complaint accordingly seeks the agreed commissions.

Plaintiff sued Dry Dock, which held the aforesaid claimed
commissions as a stakeholder; Dry Dock interpleaded Knolls
and was duly discharged. Knolls in its answer alleged lack of
consideration, mistake and fraud, and sought recovery of the
sum ($31,102) held by Dry Dock as indicated.

After a jury trial resulting in a verdict for plaintiff, Trial
Term entered an order setting aside the verdict on the ground
that there was no consideration for the recited contract; order-
ing a new trial; transferring the action to the equity calendar;
and granting plaintiff leave to amend. Plaintiff and Knolls
appeal from the entire order, except that Knolls does not appeal
from so much of the order as sets aside the jury verdict.

The evidence fully sustains the determination to set the
verdict aside. As indicated, the complaint is premised upon a
contract to pay to plaintiff brokerage commissions for the place-
ment of a mortgage loan. At the conclusion of the trial the jury
was charged without exception, that the sole issue was whether
plaintiff had sustained his burden of proving that he had per-
formed services as a broker pursuant to the terms of the con-
tract. The jury was told, again without exception: '' If he
[the plaintiff] did not perform services as a broker, no matter
what services he did perform, then no matter how valuable
those services might be, he cannot recover here in this action.''
This charge '' insofar as it is not excepted to, becomes the ' law
of the case ', binding upon the parties ''. (*Brown* v. *Du Frey*, 1
N Y 2d 190, 195, citing *Buckin* v. *Long Is. R. R. Co.*, 286 N. Y.
146; *Berner* v. *Board of Educ.*, 286 N. Y. 174; *Leonard* v. *Home
Owners' Loan Corp.*, 297 N. Y. 103; *McCabe* v. *Cohen*, 294 N. Y.
522; *Commercial Cas. Ins. Co.* v. *Roman*, 269 N. Y. 451; *Graves*
v. *Rudman*, 235 App. Div. 380, appeal dismissed 260 N. Y. 628;
*Roberts* v. *Snyder Mfg. Co.*, 242 App. Div. 244.)

Measuring the proof by the standard fixed by the charge, the
verdict is clearly contrary to the evidence. Knolls, engaged in
the construction of a co-operative apartment project, was desir-
ous of obtaining a mortgage insured by the Federal Housing
Administration (see U. S. Code, tit. 12, § 1715e). Such insur-
ance required the issuance of a certificate of eligibility by the
F. H. A. The plaintiff, brother to the then New York State

Director of the F. H. A., was retained by Knolls sometime in 1951, without any specific agreement as to compensation, to assist Knolls in its efforts before the F. H. A. He succeeded in obtaining the requisite certificate of eligibility. The certificate designated the Funding Corporation, apparently a company controlled by plaintiff, as the approved mortgagee. Funding had by application stated it was " interested in making the loan " to Knolls, " subject to * * * its [Funding] own final action ". No proof appears that Funding was ready, willing and able to make the $2,300,000 loan to be insured by the F. H. A. But Knolls did agree that Funding was to receive 1½% of the mortgage loan as a " servicing charge ", such charge, as distinct from any brokerage, being known to the F. H. A. and permissible.

Thereafter certain interests in Knolls urged that the mortgage be placed with Dry Dock. Plaintiff's sole role in connection with the selection or procurement of Dry Dock as mortgagee was to insist that the 1½% servicing charge be transmuted into 1½% mortgage brokerage commissions as a condition for his approving the assignment of the certificate of eligibility by Funding to Dry Dock. Dry Dock, which was willing to place the F. H. A. insured mortgage at par, thereupon agreed to impose a 1½% servicing charge and then to pay the same 1½% as mortgage brokerage commissions to the plaintiff. This latter arrangement is the previously quoted contractual provision upon which plaintiff chose exclusively to base his complaint.

The history of the contract sued on demonstrates that it was a device for the payment of a charge wholly unrelated to the mortgage broker relationship referred to by the contract. Admittedly, plaintiff had no contacts or dealings with Dry Dock with a view to inducing that bank to lend Knolls $2,300,000. In such circumstances there is, of course, a total lack of consideration for any contract for mortgage broker commissions. (Bellesheim v. Palm, 54 App. Div. 77; Sampson v. Graves, 199 App. Div. 762; Orson v. New York Life Ins. Co., 276 App. Div. 958; Kushin v. Yochelson, 256 App. Div. 1054; see, also, Folinsbee v. Sawyer, 157 N. Y. 196.)

Except for the recital in the agreement sued upon there is nothing in the record to support a claim for brokerage commissions. In fact plaintiff conceded that he had no part in inducing Dry Dock Bank to make the loan. A new trial based upon a claim for brokerage commissions would serve no useful purpose. All available evidence on that claim is in the present record and a new trial could not change the basic facts, particularly in view of plaintiff's admission that he did not procure

Dry Dock Bank to make the loan. The complaint therefore should be dismissed (*Venuto* v. *Wine Growers Guild*, 281 App. Div. 1068, affd. 307 N. Y. 610; *Shore Bridge Corp.* v. *City of Hornell*, 263 App. Div. 925, affd. 290 N. Y. 608).

The Trial Term, in setting the verdict aside, ordered a new trial. In doing so it permitted plaintiff to amend his complaint because of the possibility that he might have some other cause of action against some of the parties involved, based perhaps upon his services in securing F. H. A. approval. However plaintiff chose in this action to rest his case solely on brokerage commissions and he should not be permitted by amendment to assert an entirely different cause of action. The Statute of Limitations apparently has not run and therefore plaintiff may, if so advised, institute a new action. Moreover in the circumstances of this case we are reluctant to approve an amendment of the complaint. In the light of the manner in which plaintiff sought to get his compensation and the apparent attempt to avoid the possibility of a refusal by the F. H. A. to allow brokerage commissions out of the proceeds of the insured loan, the legality of plaintiff's claim for services may very well be open to question.

There remains for consideration the disposition of the sum of $31,000 held by Dry Dock Bank. It is clear that such fund belongs either to plaintiff or the interpleaded defendant, Knolls. That amount was carved out of the total sum that was to be paid to Knolls under the mortgage loan and except for the brokerage commission agreement between the parties would have gone to Knolls. And Knolls is obligated to repay that sum as it is part of the principal amount of the loan. Since plaintiff has failed to establish his claim to the fund it should therefore go to Knolls (*Smith* v. *Smith*, 308 N. Y. 665).

Accordingly the order should be modified so as to dismiss the complaint and award judgment to the interpleaded defendant Knolls with leave to plaintiff to institute any other action that he may be advised against Knolls or others and as so modified, affirmed, with costs and disbursements to the interpleaded defendant.

PECK, P. J., BOTEIN, FRANK and VALENTE, JJ., concur.

Order unanimously modified so as to dismiss the complaint herein and award judgment to the interpleaded defendant Knolls, with leave to the plaintiff to institute any other action that he may be advised against Knolls or others, and as so modified, affirmed, with $20 costs and disbursements to the interpleaded defendant. Settle order on notice.