Bem-jamiet Breneteb, J.
Defendants Soldinger move, pursuant to subdivisions 1 and 4 of rule 106 of the Rules of Civil Practice, to dismiss the complaint for lack of jurisdiction and for insufficiency. The complaint alleges that defendant Guttman held $1,000 in escrow to assure certain completions and installations in a dwelling sold to the Soldingers; that upon the completions aforesaid the escrow agent refused to pay over the fund in violation of the agreement and that the moving defendants claim all or part of such moneys. Judgment is demanded adjudging the escrow fund to be plaintiff’s sole property, that the defendants Soldinger be barred and foreclosed from any claim or interest therein and that the escrow agent pay the same to the plaintiff.
The moving defendants contend that plaintiff erroneously seeks a declaratory judgment, though it has an adequate remedy at law; that it has selected the wrong forum; that performance or nonperformance of a contract being a factual issue, it requires no exclusive equitable relief. Plaintiff argues that the relief sought is not for a declaratory judgment but rather to compel specific performance of the fiduciary obligation set out in the escrow agreement by the escrow agent and a determination of the rights of the defendants Soldinger to the deposit.
Whether the complaint as pleaded entitles plaintiff to a declaratory judgment or specific performance, it is nonetheless framed in equity and in either case equitable relief is demanded. Certainly it must be dismissed if it does not sound in equity *344 (Terner v. Glickstein & Terner, 283 N. Y. 299). The action would have been one at law had it been instituted solely against the eserowee to recover the sum held by him as money damages (Delehanty v. Hurley, 269 App. Div. 672) upon the theory that the escrow agent alone was liable for failure to return the fund. But the escrow agent denies fulfillment of the terms of the escrow agreement and is uncertain as to which claimant is entitled to the fund. Interpleader by means of which he could have deposited the fund into court and been relieved of further liability to the parties was thus available to him (Civ. Prac. Act, §§ 285, 286) and the action thereupon would have been equitable in nature to determine the rights of the parties to the fund. So, by pleading the defendants Soldinger as parties defendants and alleging that they had laid claim to all or part of the escrow fund, plaintiffs avoided the necessity of interpleader and brought before the court all the parties to enable the court to adjudicate their respective rights — otherwise impossible had the action sounded in law for liquidated damages against the escrow agent. Defendants have failed to establish that plaintiff’s legal remedy is adequate or as certain, prompt, complete and efficient as the equitable remedy it here seeks. Its right to equitable relief therefore cannot be barred (Boston & Maine R. R. v. Delaware & Hudson Co., 238 App. Div. 191).
The failure of the pleader to allege that he has no adequate remedy at law is not so prejudicial as to warrant dismissal, since such allegation is merely a conclusion of law (7 Bender’s Forms of Pleading, p. 6; Walters v. Mashberg, N. Y. L. J., Sept. 19, 1950, p. 513, col. 6). The sufficiency of the complaint being under attack, the allegations thereof must be taken as true. They are construed broadly and liberally and every intendment and fair inference are resolved in its favor. Plaintiff should have incorporated or annexed the escrow agreement to the pleading, but this omission, too, is not fatal because the facts as pleaded are sufficient to warrant a denial of the motion.
Motion is denied. Settle order on notice.