Benjamin Brenner, J.
Plaintiffs move for summary judgment in an action for rescission of an executed contract of sale of real property.
The facts are apparently undisputed. The parties entered into a written contract for the sale of a four-family dwelling, agreeing that: ‘ ‘ The seller represents that the following monthly rents are within and/or the maximum rents permitted by the New York State Temporary Rent Commission. Parlor floor $65 — second floor $55 — top floor $63.” Prior to closing of title plaintiffs communicated with the Temporary State Housing-Rent Commission and were informed that each apartment was registered at $62 per month. It is uncontradicted that the defendant’s attorney informed plaintiffs’ attorney that he had verified the rentals and they were the rentals as disclosed by the rent commission.
After taking title plaintiffs were notified by the tenants that the actual authorized registered rentals were parlor floor $50, second floor $55 and top floor $44, or a difference of $34 per month between the represented rent or $37 per month between the alleged registered rent. Upon receipt of this information plaintiffs again communicated with the rent commission and were then informed for the first time that the original information supplied by them was in error and that the true registered rentals were as indicated by the tenants and that the reregistration of the apartments from $62 per month to the existing registrations occurred in 1955, approximately five years prior to the sale.
Plaintiffs predicate the motion on that portion of their complaint setting forth a cause of action couched in mistake of fact. The defendant, without establishing any issue of fact, stresses as defenses the legal doctrine that as the terms of the contract of sale have merged into the deed, the plaintiffs have no equitable cause of action and further, since the plaintiffs have adequate legal remedies, equity will not intervene. The latter defense rests on the filing of a notice of claim by plaintiffs against the State of New York and their possible relief before the temporary rent commission for rent increases.
If no material issue of fact is presented, the court must grant summary judgment (Di Merma & Sons, Inc., v. City of New York, 301 N. Y. 118; Sillman v. 20th Century Fox, 3 N Y 2d 395) unless legal issues are sufficiently raised to defeat the motion. This determination will be based on the theory that the repre *561 sentation was innocently made, even though upon the undisputed facts the registration of rentals had been corrected approximately five years prior to the date of contract and the defendant apparently had been collecting rents for a period of time prior to the sale.
It is well established that erroneous representations, even though innocently made, may justify rescission of a consummated contract by a court of equity. (Bloomquist v. Farson, 222 N. Y. 375; Seneca Wire & Mfg. Co. v. Leach, &, Co., 247 N. Y. 1; Junius Constr. Co. v. Cohen, 257 N. Y. 393.) Mistake as to a material fact may he ground for rescission of a contract for the sale of land, even in the absence of fraud, entitling the purchaser to rescind and recover the purchase price. Thus, where title had been conveyed, the court granted rescission where the plaintiff established a material misrepresentation of the interest rate of a bond and mortgage, though innocently made (Greenbaum v. Baywood Homes, 62 N. Y. S. 2d 545, affd. 272 App. Div. 826, affd. 299 N. Y. 692). See, also, Paine v. Upton (87 N. Y. 327); Allen Properties v. Brydle (72 N. Y. S. 2d 554, affd. 272 App. Div. 817); Rose v. Wood (7 Misc 2d 523).
It is my opinion that in view of the nature of this action the terms of the contract did not merge into the deed. The authorities cited by the defendant as to mergers all relate to actions in law in which the aggrieved party affirms the contract but charges a breach thereof or demands rights flowing therefrom. Here the aggrieved party claims lack of mutuality and disclaims the existence of the contract. The relief demanded is proper in form and scope. (See Greenbaum v. Baywood Homes, supra; Paine v. Upton, supra.)
Nor do plaintiffs have an adequate remedy at law as plaintiffs ’ claimed remedies at law are not in all respects as efficacious as their remedy in equity nor as clear, complete, practical and efficient ‘ ‘ to the ends of justice and its prompt administration ’ ’ as their remedy in equity. (Boston & Maine R. R. v. Delaware & Hudson Co., 238 App. Div. 191.) See, also, Lang’s Creamery v. City of Niagara Falls (224 App. Div. 483, affd. 251 N. Y. 343); West End Homes v. Soldinger (12 Misc 2d 342). The relief, if any, that plaintiffs might obtain before the Court of Claims or rent commission is clearly problematical. In any event, it has been held that the existence of an administrative remedy does not bar the aid of equity (Graceland Corp. v. Consolidated Laundries, 7 A D 2d 89, affd. 6 N Y 2d 900).
While purchasers of real property take their chances as to many intangible factors, they are entitled to rely upon the repre *562 sentation of rentals as they actually are, particularly if the property is a multiple dwelling purchased in whole or in part for its income producing feature.
Plaintiffs are, therefore, entitled to judgment for rescission, the return to them of the moneys paid on the contract and closing and all expenses incurred in the sale. If the parties cannot agree upon the adjustments, including the accounting of rents received since the closing as well as payments on the mortgage and expenditures incurred, the matter will be referred to an Official Referee to hear ánd determine if the parties so stipulate, otherwise to hear and report. Settle interlocutory judgment on notice.