■ JOYCE SHAPIRO, Appellant, v YECHIEL C. S. SHAPIRO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), entered June 28, 1989, as granted the defendant

husband's motion for omnibus relief to the extent of directing her to pay him $7,727, authorized the defendant to enter a money judgment in that amount, and denied her cross motion, *inter alia,* to stay enforcement of all monetary provisions in the divorce judgment in favor of the defendant until he delivered a valid Orthodox Get to her.

Ordered that the order is affirmed insofar as appealed from, with costs.

In response to the failure on the part of the plaintiff to pay the defendant the second of three installments of a distributive award pursuant to the judgment of divorce that terminated their marriage, the defendant moved to hold the plaintiff in contempt of court and to direct her to pay the outstanding balance of the distributive award. The plaintiff thereafter cross-moved to hold the defendant in contempt of court for purportedly filing a perjurious affidavit misrepresenting that he had removed all religious barriers to the plaintiff's remarriage. The crux of the plaintiff's contention in her cross motion and on appeal is that the Get which the defendant attempted to obtain would not be acceptable to the Orthodox rabbinical authority which she purportedly followed, and that she was relieved of her obligation to pay the last two installments of the distributive award until he delivered an Orthodox Get to her. The Supreme Court granted the defendant's motion to the extent of directing her to pay $7,727, and authorizing the defendant to enter a money judgment in that amount, and denied the plaintiff's cross motion.

The Supreme Court's determination was proper. The plaintiff's conclusory assertions that the Get which the defendant attempted to obtain failed to satisfy the provisions of Domestic Relations Law § 253 (3) were unsupported by any documentary proof. Accordingly, these assertions did not defeat the defendant's statement pursuant to Domestic Relations Law § 253 (3) that he had done all in his power to remove any barriers to the plaintiff's remarriage. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.