■ TERESA A. MURPHY-ARTALE, Respondent, v GERARD M. ARTALE, Appellant. [632 NYS2d 19] —In an action for divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Imperato, J.H.O.), dated May 11, 1994, as awarded the plaintiff child support in the amount of $275 per week.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a de novo determination of the issue of child support in accordance herewith.

While we agree with the Supreme Court that the amount shown on the husband's 1992 tax return was suspect in light of his ability to control the amount of his reported income and the dramatic decline in reported income which he experienced immediately following the commencement of the action, the court erred in determining the amount of the child support award on the basis of the needs of the wife and the children. There is no basis for the court's departure from the formula set forth in Domestic Relations Law § 240 (1-b). Under these circumstances, where the husband's 1992 reported income was found not to be credible, the court was not bound by the actual reported income in applying the formula and instead should have used the husband's actual earning capacity *(see, Matter of Fleischman v Fleischman,* 195 AD2d 604; *Powers v Powers,* 171 AD2d 737), as determined, for example, by averaging his reported income for the five years immediately preceding 1992. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.