■ MATILDA LUKACS, Respondent, v CHARLES LUKACS, Appellant. [657 NYS2d 191] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated December 5, 1995, as (1) directed equitable distribution of the appreciation in value of his one-third interest in certain real property, (2) directed that he purchase the plaintiff wife's distributed share of that interest at a fair market value to be established by appraisal or agreement of the parties within 90 days after the date of the signing of the judgment, and (3) directed that in the event that he did not complete the purchase of the plaintiff wife's share within the required time, his one-third interest would be sold and the plaintiff wife would receive her share from the proceeds of that sale.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in distributing to the wife a share of the appreciation in value of the husband's separate, one-third interest in an apartment building to which the wife contributed her efforts during the marriage (see, Domestic Relations Law § 236 [B] [1] [d] [3]; Price v Price, 69 NY2d 8, 18). Moreover, the court properly ordered that an appraisal be conducted immediately after the trial to determine the value of the appreciation, since the parties failed to offer any evidence of the current value of the apartment building at trial (see, Kirshenbaum v Kirshenbaum, 203 AD2d 534; see also, Wegman v Wegman, 123 AD2d 220, 235).

The husband's remaining contention is without merit. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.