■ SUSAN KELLEY-MILONE, Respondent, v ANTHONY MILONE, Appellant. [682 NYS2d 435] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated August 7, 1997, which, *inter alia,* awarded the plaintiff former wife sole custody of the parties' two minor children, made an award of equitable distribution, and awarded the plaintiff $1,000 in attorney's fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A custody determination is a matter that rests within the sound discretion of the trial court and is accorded great deference on appeal as the trial court had the opportunity to assess the witnesses' demeanor and credibility (*see, Eschbach v Eschbach,* 56 NY2d 167, 173-174; *Alanna M. v Duncan M.,* 204 AD2d 409; *Matter of Lobo v Muttee,* 196 AD2d 585). The denial of the defendant's motion for joint custody of the parties' two minor daughters was proper given the parties' refusal to communicate with each other, even on matters concerning the children, and their apparent acrimony towards each other (*see, Braiman v Braiman,* 44 NY2d 584, 589-590).

The defendant is mistaken in arguing that his overtime earnings should not have been included in the child support calculation. Income, for purposes of child support obligation, includes the gross or total income as reported in the most recent Federal income tax return (Domestic Relations Law § 240 [1-b] [b] [5] [i]). Overtime earnings are part of gross income. Therefore, the court properly included in its child support calculation the defendant's overtime earnings, which were fairly consistent as indicated by the defendant's Federal tax returns of three consecutive years (*cf., Quilty v Quilty,* 169 AD2d 979).

Contrary to the defendant's contention, the record supports the court's award of attorney's fees in the plaintiff's favor (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.