■ LINDA KOEHLER, Respondent, v GARY KOEHLER, Appellant. [727 NYS2d 913] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered January 14, 2000, which, *inter alia*, deemed the marital residence to be marital property and directed that it be sold.

Ordered that the order is modified by (1) deleting the provision thereof deeming the marital residence to be marital property and substituting therefor a provision deeming the marital residence to be the separate property of the plaintiff and any appreciation in the value of the property to be marital property, and (2) deleting the provision thereof directing that the marital residence be sold; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff and the defendant took title to the marital residence as joint tenants before they were married. The plaintiff, however, paid for the house solely with her own funds. Accordingly, the Supreme Court erred in deeming the marital resi-

dence to be marital property and directing that it be sold (*see, Mutt v Mutt,* 242 AD2d 612; *Lagnena v Lagnena,* 215 AD2d 445; *see also, Kozlowski v Kozlowski,* 221 AD2d 322). Nevertheless, any appreciation in the value of the property may be deemed marital property (*see generally, Price v Price,* 69 NY2d 8).

The defendant's remaining contention is without merit. Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.