■ MICHAEL PELLINO, Appellant, v GLORIA PELLINO, Respondent. [743 NYS2d 888] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Shapiro, J.), entered December 15, 2000, as awarded the defendant the sum of $600,000 as and for her equitable share of the appreciated value of his separate property interest in two closely held corporations.

Ordered that the judgment is modified, on the law and the facts and as an exercise of discretion, by deleting the provision thereof awarding the defendant the sum of $600,000 as and for her equitable share of the appreciated value of the plaintiff's separate property interest in two closely held corporations and substituting therefor a provision awarding the defendant the

sum of $100,000 as her equitable share of that asset; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We reject the plaintiff's contention that the Supreme Court improperly awarded the defendant a share of the appreciation of his interest in two closely held corporations. Although the plaintiff's interest in the two closely held corporations constitutes separate property, the defendant sufficiently established that her efforts contributed, in some degree, to the appreciation in the value of the plaintiff's interests therein (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog,* 85 NY2d 36, 46; *Price v Price,* 69 NY2d 8). However, based upon our review of the record, we conclude that the award of $600,000 to the defendant was excessive, and that an award of $100,000 more fairly reflects the value of the defendant's contribution to the appreciation of the plaintiff's interest in the subject corporations (*see Waterman v Waterman,* 160 AD2d 865).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.