■ KATHLEEN MURPHY, Respondent-Appellant, v DANIEL MURPHY, Appellant-Respondent. [775 NYS2d 370]—

Motion by the respondent-appellant for leave to resettle a decision and order of this Court dated January 26, 2004, which determined an appeal and cross appeal from a judgment of the Supreme Court, Rockland County, dated August 15, 2002.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order of this Court dated January 26, 2004 [3 AD2d 556], is recalled and vacated and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated August 15, 2002, which, inter alia, awarded the plaintiff maintenance in the sum of $1,000 per week, valued his business at $672,000, and awarded the plaintiff a distributive award in the sum of $9,407, and (2) from an order of the same court dated August 14, 2002, which awarded the plaintiff an attorney's fee in the sum of $40,000, and the plaintiff cross-appeals (1), as limited by her brief, from so much of the same judgment as awarded her maintenance for a period of only six years, awarded her child support in the sum of $821 per week without any adjustment for the period after the maintenance ends, and failed to find that the defendant dissipated marital assets, and (2) from so much of the same order as awarded her the sum of only $40,000 as an attorney's fee.

Ordered that the judgment is modified, on the law, by (1) deleting so much of the fifth decretal paragraph thereof as set the amount of the plaintiff's child support at $78,468.49 per year and so much of the sixth decretal paragraph as directed the defendant to pay the sum of $821 per week as child support, and (2) deleting the thirteenth, and thirty-third decretal paragraphs thereof, directing the defendant to pay the plaintiff maintenance in the sum of $1,000 per week and a cash distributive award in the sum of $9,407; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith and for the entry of an amended judgment; and it is further,

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that in the interim, the defendant is to continue to pay the plaintiff child child support in the sum of $821 per week and maintenance in the sum of $1,000 per week, with any overpayment to be credited against future payments after entry of the amended judgment.

We agree with the defendant that the Supreme Court impermissibly engaged in the "double counting" of income in valuing his business, which was equitably distributed as marital property, and in awarding maintenance to the plaintiff (see Grunfeld v Grunfeld, 94 NY2d 696 [2000]; McSparron v McSparron, 87 NY2d 275 [1995]). Here, the valuation of the defendant's business involved calculating the defendant's projected future excess earnings. Thus, in valuing and distribut-

ing the value of the defendant's business, the Supreme Court converted a certain amount of the defendant's projected future income stream into an asset. However, the Supreme Court also calculated the amount of maintenance to which the plaintiff was entitled based on the defendant's total income, which must have included the excess earnings produced by his business. This was improper. "Once a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout" (*Grunfeld v Grunfeld, supra* at 705; *see McSparron v McSparron, supra*). Because the Supreme Court has discretion in the manner in which it is to avoid such double counting of income (*see Grunfeld v Grunfeld, supra* at 705-706), we remit the matter to the Supreme Court, Rockland County, to recalculate the maintenance and cash distributive awards.

We reject the defendant's contention that the amount of his child support obligation must be recalculated due to the distribution of his future earnings in the equitable distribution (*see Sodaro v Sodaro,* 286 AD2d 434 [2001]; *Douglas v Douglas,* 281 AD2d 709 [2001]). However, the Supreme Court failed to direct a concomitant increase in the child support obligation upon the termination of the defendant's maintenance obligation (*see Frei v Pearson,* 244 AD2d 454 [1997]; *Lekutanaj v Lekutanaj,* 234 AD2d 429 [1996]; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354, 356 [1996]). Thus, the matter is also remitted for a recalculation of the defendant's child support obligation after maintenance ends.

Further, the Supreme Court erred in calculating the defendant's income. The Supreme Court determined that the defendant earned $261,000, of which it attributed $11,000 to income from basketball refereeing. The evidence shows that the defendant only made about $1,000 in income from such activity and there is no indication that the Supreme Court imputed income to the defendant. Therefore, the calculation of the defendant's maintenance and child support obligations must be remitted for recalculation based upon proper income figures.

Additionally, the Supreme Court made a mathematical error in calculating the cash distributive award by awarding the plaintiff an additional $500.

To the extent that the defendant seeks a determination of the issue of the apportionment of responsibility for paying expert fees, we note that this issue was never determined by the Supreme Court. Upon remittitur, that issue can be determined as well.

The parties' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.