■ MICHAEL PARISE, Appellant, v LINDA PARISE, Respondent. [787 NYS2d 360]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (LaMarca, J.), entered July 29, 2003, which, after a nonjury trial, inter alia, imputed income to him for the purpose of calculating his maintenance and child support obligations, directed him to pay maintenance in the sum of $1,666.67 per month, child support in the sum of $1,386.67 per month for the parties' two children, awarded the defendant the sum of $12,083.33 as and for her equitable share of the appreciated value of his separate property interest in residential real property located in Inwood, New York, and, in effect, denied his motion to hold the defendant in contempt of court.

Ordered that the judgment is modified, on the law, by deleting the fourth and fifth decretal paragraphs thereof relating to the plaintiff's maintenance and child support obligations, respectively; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the plaintiff's maintenance and child support obligations in accordance herewith; and it is further,

Ordered that pending a new determination with respect to maintenance and child support, the plaintiff shall pay to the defendant maintenance in the sum of $1,400 per month and basic child support in the sum of $950 per month.

In calculating the plaintiff's maintenance and child support obligations, the Supreme Court erred in adding to the plaintiff's gross annual income the sum of $8,700, representing rental income generated by the marital residence. Since the defendant collects and retains that income for her own use, the Supreme Court should not have included that amount in the plaintiff's gross annual income. Moreover, in calculating the plaintiff's child support obligation, the Supreme Court failed to comply with Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C) by further reducing the plaintiff's income by the amount of maintenance paid to the defendant before determining his child support obligation, and directing a concomitant increase in the child support obligation upon the termination of the maintenance obligation (*see Murphy v Murphy,* 6 AD3d 678, 680 [2004]; *Miller v Miller,* 299 AD2d 463, 464 [2002]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]; *Frei v Pearson,* 244 AD2d 454, 455-456 [1997]; *Lekutanaj v Lekutanaj,* 234 AD2d 429, 431 [1996]; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354, 356 [1996]).

Contrary to the plaintiff's contention, however, the Supreme Court properly imputed income to him from his home improvement, power washing, and carpentry businesses. The Supreme Court properly determined that the plaintiff's testimony with respect to this income lacked credibility. "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Rohrs v Rohrs, supra* at 318; *see Peri v Peri,* 2 AD3d 425, 426 [2003]; *Gleicher v Gleicher,* 303 AD2d 549, 549-550 [2003]; *Matter of Thomas v DeFalco,* 270 AD2d 277, 278 [2000]). The Supreme Court also properly included overtime and potential overtime wages as part of the plaintiff's income for the purposes of determining his maintenance and child support obligations (*see Kelley-Milone v Milone,* 256 AD2d 554 [1998]).

We also reject the plaintiff's contention that the Supreme Court erred in awarding the defendant a share of the appreciation of his interest in residential real estate located in Inwood, New York. Although the plaintiff's interest in that real estate constituted separate property, he failed to satisfy his burden of establishing that the defendant's indirect efforts did not contribute, in some degree, to the appreciation of the value of that interest (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog,* 85 NY2d 36, 46 [1995]; *Price v Price,* 69 NY2d 8, 17-19 [1986]; *Pellino v Pellino,* 295 AD2d 330, 331 [2002]; *Koehler v Koehler,* 285 AD2d 582, 583 [2001]; *Lukacs v Lukacs,* 238 AD2d 483 [1997]).

Contrary to the plaintiff's contention, the defendant did not commit perjury or a fraud upon the Supreme Court with respect to her testimony concerning the plaintiff's businesses and self-employment income (*see Shapiro v Shapiro,* 168 AD2d 491 [1990]; *Stone v Stone,* 152 AD2d 560 [1989]). The Supreme Court thus properly declined to hold the defendant in contempt (*see* Judiciary Law § 753 [A] [2]). In any event, the plaintiff would not be entitled to recoupment of payments he previously made pursuant to a temporary award of child support to the defendant (*see Stone v Stone, supra).* Therefore, the judgment properly awarded the defendant accumulated arrears in child support owed to her by the plaintiff (*see Petek v Petek,* 239 AD2d 327, 328-329 [1997]; *Vogel v Vogel,* 156 AD2d 671, 675 [1989]). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.