██ MANUFACTURER'S & TRADERS TRUST COMPANY, Named in the Relevant Escrow Agreements as MANUFACTURER'S & TRADERS BANK, Plaintiff, v RELIANCE INSURANCE COMPANY et al., Defendants, O'BRIEN & GERE TECHNICAL SERVICES, INC., et al., Appellants, and FRU-CON/FLUOR DANIEL JOINT VENTURE, Respondent. [813 NYS2d 588]—

Appeals from an order and judgment (one paper) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 24, 2004. The order and judgment granted the motion of defendant Fru-Con/Fluor Daniel Joint Venture for judgment against defendants O'Brien & Gere Technical Services, Inc., Cives Corporation and Cives Steel Company, Mid-South Division, jointly and severally, in the amount of $949,506.83, plus costs and disbursements.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendants O'Brien & Gere Technical Services, Inc. (OBG) and defendants Cives Corporation and Cives Steel Company, Mid-South Division (collectively, Cives) contend that Supreme Court erred in granting the motion of defendant Fru-Con/Fluor Daniel Joint Venture for judgment against them, jointly and severally, in the amount of $949,506.83, representing the amount of interest allegedly due under CPLR 5001 (a), plus costs and disbursements. We reject that contention. CPLR 5001 (a) provides in relevant part that, "in an action of an equitable nature, [an award of] interest . . . shall be in the court's discretion." We determined in a prior appeal that OBG breached the terms of the escrow agreement at issue (*Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 303 AD2d 1002 [2003]), and we conclude herein that, because this interpleader action was equitable in nature (*see West End Homes v Soldinger*, 12 Misc 2d 342, 344 [1958]; *see also Grace v Dry Dock Sav. Bank*, 150 NYS2d 729, 732 [1955], *mod on other grounds* 3 AD2d 556 [1957], *affd* 4 NY2d 862 [1958]; *Amoco Transp. Co. v Dietze, Inc.*, 582 F Supp 804, 807 n 3 [1984]), it was within the court's discretion to award interest.

The remaining contentions of OBG and Cives are raised for the first time on appeal and thus are not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Green and Hayes, JJ.