■ JUDITH WALLACH, Appellant-Respondent, v RAYMOND WALLACH, Respondent-Appellant. [831 NYS2d 210]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered April 25, 2005, which, upon findings of fact and conclu-

sions of law entered April 15, 2005, made after a nonjury trial, inter alia, directed the defendant to pay child support in the sum of only $435.57 per week, and the defendant cross-appeals, as limited by his brief, from stated portions of the same judgment which, inter alia, equitably distributed his federal pension.

Ordered that the defendant's notice of cross appeal from the findings of fact and conclusions of law entered April 15, 2005, is deemed to be a notice of cross appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof awarding child support and distributing the defendant's federal pension; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a determination of the defendant's income, a recalculation of child support, including calculation of the amount of child support after termination of durational maintenance payments, and a determination of the component of the defendant's federal pension which is not subject to distribution, in accordance herewith.

The Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter the CSSA) requires the court to establish the parties' basic child support obligation as a function of the income that is, or should have been, reflected on the party's most recently filed income tax return (*see* Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Miller v Miller*, 18 AD3d 629, 631 [2005]; *Bains v Bains*, 308 AD2d 557 [2003]; *McNally v McNally*, 251 AD2d 302, 303 [1998]). Thus, although it is not improper to impute income to a party where the record demonstrates that a party's income tax return does not reflect the party's actual income (*see Renzulli v Renzulli*, 251 AD2d 482 [1998]; *Murphy-Artale v Artale*, 219 AD2d 587 [1995]) or demonstrated earning potential (*see Nebons v Nebons*, 26 AD3d 478 [2006]; *Zabezhanskaya v Dinhofer*, 274 AD2d 476 [2000]; *Phillips v Phillips*, 249 AD2d 527 [1998]), the statute does not permit the court to determine a party's income for child support purposes by excluding actual overtime wages (*see Parise v Parise*, 13 AD3d 504 [2004]; *Kelley-Milone v Milone*, 256 AD2d 554 [1998]) or by averaging a party's earnings over several years (*see Reilich v Reilich*, 275 AD2d 929 [2000]), as the Supreme Court did here. Although the Supreme Court properly found that the plaintiff was capable of earning $35,000 a year based upon her education, past employment, and earnings potential, it was improper to base the child support calculation on an aver-

age of the defendant's past earnings. In determining the defendant's income for child support purposes, the Supreme Court correctly deducted from the defendant's income the maintenance he is required to pay (*see Thoma v Thoma*, 21 AD3d 1080, 1082 [2005]; *Chalif v Chalif*, 298 AD2d 348, 349 [2002]), but incorrectly included the maintenance payments in the plaintiff's income (*see Shapiro v Shapiro*, 35 AD3d 585 [2006]; *Harrison v Harrison*, 255 AD2d 490 [1998]) and should have provided for a corresponding adjustment in child support upon the expiration of the durational maintenance award (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Navin v Navin*, 22 AD3d 474 [2005]; *Parise v Parise, supra*; *Rohrs v Rohrs*, 297 AD2d 317, 318 [2002]; *Lee v Lee*, 18 AD3d 508, 509 [2005]; *Smith v Smith*, 1 AD3d 870 [2003]). Finally, the Supreme Court did not articulate its reasons for awarding child support in addition to basic child support, as it is required to do (*see Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]; *Clerkin v Clerkin*, 304 AD2d 784 [2003]; *Wagner v Dunetz*, 295 AD2d 501 [2002]).

With respect to the equitable distribution of the marital estate, the Supreme Court erred in failing to reduce the value of the defendant's pension for equitable distribution purposes by that portion of that value that is equivalent to Social Security benefits. As a member of the Federal Employees Civil Service Retirement System, the defendant neither contributes to, nor is eligible to receive, Social Security benefits (*see* 5 USC § 8331 [29]; § 8334 [a] [1] [A]; 42 USC § 410 [a] [5]; *Amato v Office of Personnel Mgt.*, 989 F2d 1203 [1993] [table; text at 1993 WL 33921, 1993 US App LEXIS 2833]; *see also* 42 USC § 402 [b] [4] [A]; [c] [2]; [e] [7] [A]; [f] [2] [A]; [g]), and his pension therefore constitutes, in part, the Social Security benefits to which he would be entitled were he not a federal employee. Since Social Security benefits are not a pension, and are not subject to equitable distribution (*see Principe v Principe*, 229 AD2d 522, 523 [1996]; *Thomas v Thomas*, 221 AD2d 621, 622 [1995]), that portion of the defendant's pension that is in substitution for Social Security benefits must be deducted from its value.

We therefore remit the matter to the Supreme Court to enable it to address all of these issues. In doing so, we note that child support should be awarded retroactively to the date an application for such support was made, less a credit for the amount paid pursuant to the pendente lite award (*see Burns v Burns*, 84 NY2d 369, 377 [1994]; *Schiffer v Schiffer*, 21 AD3d 889, 890 [2005]; *Poli v Poli*, 286 AD2d 720, 723 [2001]).

The parties' remaining contentions are without merit. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.