GINA A. ROMANO, Respondent, v ANTHONY E. ROMANO, Appellant. [835 NYS2d 900]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated January 27, 2006, as, after a nonjury trial (Garvey, J.), and upon, inter alia, in effect, the denial of his motion to dismiss for lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2), dissolved the marriage upon the ground of his constructive abandonment of the plaintiff, awarded spousal maintenance, child support, and child care costs, and distributed the marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the court properly, in

effect, denied his posttrial motion to dismiss the action upon the ground that the court lacked subject matter jurisdiction because the plaintiff failed to adduce any proof at trial as to grounds for the divorce. At a pretrial conference on the matter, the defendant consented to constructive abandonment as the ground for divorce. Therefore, when the Supreme Court, in effect, granted the plaintiff's motion to re-open the trial to allow her to aver by affidavit that she had been constructively abandoned as a ground for divorce, it merely corrected a technical error and did not prejudice the defendant. "The court may determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum" (CPLR 4011; *see also Asserson v City of New York*, 195 App Div 12 [1921]).

Contrary to the defendant's contention, the court providently exercised its discretion in awarding spousal maintenance to the wife (*see Gulotta v Gulotta*, 215 AD2d 724 [1995]; Domestic Relations Law § 236 [B] [6] [a]) and in making an award for child care (*see* Domestic Relations Law § 240 [1-b] [c] [4]-[7]).

Contrary to the husband's contention, the court correctly denied his application to receive a credit for his separate property contribution of the down payment on the parties' cooperative apartment (*see Scartozzi v Scartozzi*, 32 AD3d 1008 [2006]). The husband failed to meet his burden at trial of establishing that the funds for the down payment came from his separate savings account (*id.*).

The husband's contention that the court failed to apportion the unsecured debt to various family members as well as the Advanta credit card debt is without merit because the husband discharged each of these obligations in his personal bankruptcy action (*see Jarrell v Jarrell*, 276 AD2d 353 [2000]).

Insofar as the husband stipulated at trial that he did not pay anything in pendente lite support previously ordered during the pendency of the litigation, except the $150 per week in direct payments, the court properly declined to give credit for amounts not paid under the pendente lite order (*see e.g. Wallach v Wallach*, 37 AD3d 707 [2007]).

Finally, the Supreme Court providently exercised its discretion in calculating the husband's support obligation based upon imputed income including overtime (*see Wallach v Wallach*, 37 AD3d 707 [2007]; *Parise v Parise*, 13 AD3d 504 [2004]; *Kelley-Milone v Milone*, 256 AD2d 554 [1998]). Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.