[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant, William S. Fannin, appeals a judgment of the Preble County Court of Common Pleas, Domestic Relations Division, granting him a divorce from defendant-appellee, Clarice J. Fannin, and dividing the parties' assets. We affirm.
Appellant and appellee were married on February 4, 1956. Three children were born of the marriage, all emancipated at the time of the divorce. Appellee, who was born on June 8, 1936, worked for McCalls/Dayton Press for approximately twenty years. She receives $100 per month in retirement from that source. In 1988, appellee began part-time employment with the Ohio Department of Transportation as a travel counselor.[0] She earns approximately $17,000 annually.
Appellant, who was born on January 5, 1937, retired from employment due to disability (rheumatoid arthritis) in 1988. Appellant's income at the time of the divorce was derived from three sources: $356.04 per month pension benefit from Cooper Industries; $2,930.28 disability retirement from the International UAW Staff Retirement Income Plan; and $1,200 from Social Security. The International UAW Staff Retirement was to be received as "normal retirement benefits" in the estimated amount of $3,120.34 effective February 1, 1999, with a survivor's benefit. Appellant testified that this estimated amount would be reduced by the amount of his plant (Cooper Industries) pension. However, the documentation he introduced from the union stated that the amount was "after the offset for [appellant's] plant pension."
The parties agreed to divide the equity ($92,000) in their marital home equally[1] and to divide their $118,000 IRA account equally. They also agreed to divide bonds, CDs, and checking and savings accounts equally. The only contested issues were the division of appellant's pensions and spousal support.
The trial court conducted a hearing on these matters on January 21, 1998. Following the hearing, the court issued a decision determining, inter alia, that appellant's pensions could not be equitably divided as marital property because they were already being received as income. The trial court awarded appellee $1,100 per month in spousal support.
On March 31, 1998, appellee moved for reconsideration of the court's decision. The court then determined that it was error to consider appellant's retirement only as income rather than as a marital asset. The court found that the benefits appellant was currently receiving and would be receiving in the future were "essentially all retirement benefits" accrued during the marriage, and thus were marital assets subject to equitable division. The court similarly found that the monthly retirement benefit appellee was currently receiving, and any amount (earned during the marriage) which she would receive from the state retirement system in the future were also marital assets.
The court awarded appellee one half of the parties' total monthly retirement benefits, commencing July 1, 1998. The exact figure was computed by adding the benefits appellant was receiving to the $100 appellee was currently receiving, dividing by two and then subtracting the $100 appellee retained. The court specified that when appellee retires, the same formula would be employed. The court also determined that neither party should be required to pay spousal support to the other.
Appellant filed a motion for reconsideration, arguing that his disability and social security retirement benefits were not subject to division as marital assets. Appellant's motion was denied and he presents six assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN ORDERING A DIVISION OF APPELLANT'S DISABILITY INCOME PRIOR TO JANUARY 5, 1999.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN ORDERING A DIVISION OF SOCIAL SECURITY BENEFITS.
Assignment of Error No. 3:
 THE COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN ORDERING A DIVISION OF APPELLANT'S DISABILITY INCOME FROM COOPER INDUSTRIES AND HIS SOCIAL SECURITY DISABILITY BENEFIT PRIOR TO APPELLANT'S 65TH BIRTHDAY.
Assignment of Error No. 4:
 THE COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN FAILING TO REDUCE APPELLANT'S RETIREMENT BENEFITS GIVEN TO APPELLEE BY THE AMOUNT OF INCOME TAX WITHHELD BY THE PAYEES [sic] OF THE PENSION BENEFITS.
Assignment of Error No. 5:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN NOT GIVING APPELLANT CREDIT FOR PAYING COOPER INDUSTRIES AND THE AUTO WORKERS FOR A SURVIVORSHIP BENEFIT FOR APPELLEE.
Assignment of Error No. 6:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN FINDING THAT APPELLEE'S SERS RETIREMENT BENEFIT WAS VALUED AT $217.00 PER MONTH INSTEAD OF $347.00 PER MONTH.
Appellant's first, second, and third assignments of error are related. Appellant argues that some of his retirement benefits should not have been divided as marital assets because they were benefits he received (as of the hearing date) due to disability. In reviewing the equity of a division of property, the trial court's judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion in formulating its division of the marital assets and liabilities of the parties. Martinv. Martin (1985), 18 Ohio St.3d 292, 294-95. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Marital property includes retirement benefits acquired by either or both of the spouses during the marriage. R.C. 34105.171 (A)(3) (i ii). "Pension and retirement benefits acquired by either spouse during the course of a marriage are marital assets that must be considered in arriving at an equitable division of marital property." Bisker v. Bisker (1994), 69 Ohio St.3d 608,609; Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 751.
The Ohio Supreme Court in Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, established guidelines to aid the trial court in arriving at a fair and equitable division of retirement benefits. The trial court must consider the following factors: (1) the circumstances of the case; (2) The status of the parties; (3) the nature, terms and conditions of the pension or retirement; and (4) the reasonableness of the result. Id. at paragraph one of the syllabus. The supreme court stressed that "general rules cannot provide for every contingency and no specific rule can apply in every case."Id. at 180. See, also, Cherry v. Cherry (1981), 66 Ohio St.2d 348,356 (flat rules have no place in determining a property division). Appellant argues that a footnote in the Hoyt decision did provide such a specific rule. In this footnote the court referred to "exclusions to the general rule [that pension or retirement benefits earned during the course of a marriage are marital assets], such as (1) social security benefits, (2) disability retirement pay, and (3) railroad benefits." Hoyt, 53 Ohio St. 3d at note 3. The court further noted in the body of the opinion, however, that "the trial court must have the flexibility to make an equitable decision based upon [the above listed factors]." Id. at 180.
Any given pension or retirement fund is not necessarily subject to direct division but is subject to evaluation and consideration in making an equitable distribution of both parties' marital assets. Id. Thus, it is well-established that "while [such] benefits are not true marital assets and are not subject to direct division, they are subject to evaluation and consideration in making an equitable distribution of * * * marital assets." Walker v.Walker (1996), 112 Ohio App.3d 90, 92. See, also, Eickelbergerv. Eickelberger (1994), 93 Ohio App.3d 221. Additionally, the Second Appellate District has noted that the source of the Hoyt
footnote further provides that "disability benefits `* * * [may be] marital property to the extent that retirement pay value is included there in.'" Kutzke v. Kutzke (Apr. 12, 1996), Greene App. No. 95 CA 66, unreported, at 2, citing Principles and Guidelines for the Division of Property in Actions for Divorce in Ohio (Mar. 1981), 54 Ohio Bar 491.
Appellant's retirement was vested and was in pay status at the time of the hearing. It is immaterial that at the time of the divorce a spouse has started receiving the benefits in the form of periodic income. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. The trial court correctly determined that the retirement benefits at issue, all earned during the course of the marriage, were marital assets subject to equitable division. Appellant was not receiving temporary disability which would terminate if he returned to work. As the trial court found, his benefits were "essentially all retirement benefits." Neither party contests this factual finding.
Although the union retirement benefit was being received as disability retirement at the time of the hearing, it was "normal retirement" as of February 1, 1999. Further, the trial court accepted appellant's lowest valuation of his current retirement benefits, rather than the higher estimated valuation of his future benefit provided in the union's documentation introduced at the hearing. The trial court did not abuse its discretion; rather, the court made an equitable decision based on the circumstances of the case, the status of the parties, and the nature, terms, and conditions of the pension plans involved. See Hoyt,53 Ohio St. 3d at 180. Accordingly, appellant's first, second, and third assignments of error are overruled.
In his fourth assignment of error, appellant argues that the division of retirement benefits should have been made after taxes. Appellant cites no authority for this proposition and we have found none. Assuming, arguendo, that division of gross, rather than net, benefits results in a slight inequality in the total division, such is not an abuse of discretion. The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348
at paragraph two of the syllabus.
Furthermore, in determining whether the trial court abused its discretion, a reviewing court cannot examine the valuation and division of a particular marital asset in isolation; rather the reviewing court must consider the totality of the circumstances and view the property division in its entirety. Briganti v.Briganti (1984), 9 Ohio St.3d 220, 222. Appellant retained the marital home with its attendant cost of living and tax benefits. Appellant has provided no computation of the allegedly adverse tax consequences he claims he may incur due to a gross rather than net division of his retirement benefits. Under these circumstances, no abuse of discretion was demonstrated. Therefore, appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant argues that he elected to receive slightly less each month from his retirement benefit in order to provide appellee with a survivorship benefit. As discussed above, this retirement income stream was a marital asset. The election to receive the income in a form in which the benefits would be payable to either party to the marriage as long as either was living was made prior to the divorce. Because the retirement benefits were not appellant's separate property there was no "cost" to appellant involved in this election and this assignment of error is overruled.
In his sixth assignment of error, appellant states that appellee "testified that her [state retirement] would be $217 if there was one dependent and $347 if there was no dependent." Appellant claims that appellee "never agreed to keep appellant as a dependent." Therefore, appellant argues that this retirement benefit should have been valued by the trial court at $347 per month. Appellant has cited no authority for this proposition and we find no abuse of discretion. The court found that appellee's state retirement account was a marital asset and that her approximate benefit at retirement would be $217 per month, however no valuation of this benefit was needed as no division of the asset was ordered until appellee retires. The trial court's order specifically provides that when appellee retires, "the same formula shall be used, except that only the monthly retirement and Social Security benefits earned [by appellee] during the marriage will be included in the calculation." Appellant will be appropriately credited for appellee's receipt of this portion of the parties' marital assets at that time. Therefore, appellant's final assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[0] Appellee testified that she chose part-time employment in order to assist appellant. She further testified that due to an austerity program, full-time employment was not currently available.
[1] Appellant retained the home and paid appellee $46,000.