**WALKER, Appellant and Cross–Appellee,**

v.

**WALKER, Appellee and Cross–Appellant.**

[Cite as *Walker v. Walker* (1996), 112 Ohio App.3d 90.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–940977, C–940992.

Decided June 26, 1996.

*Cheryl D. Grant* and *Leslie Thomas,* for appellant and cross-appellee.

*John L. Heilbrun,* for appellee and cross-appellant.

---

*Per Curiam.*

Plaintiff-appellant and cross-appellee Gloria M. Walker and defendant-appellee and cross-appellant Carlton Walker have taken the instant appeals from their decree of divorce entered November 7, 1994. On appeal, plaintiff advances four assignments of error. Defendant, in his cross-appeal, has presented one assignment of error.

The parties were married in 1966.[1] In July 1992, divorce proceedings were instituted upon plaintiff's complaint. On June 23, 1994, following extensive

---

1. The parties' children were emancipated by the time the referee's report was issued.

hearings on the equitable division of the marital property, including the testimony of expert witnesses on the value of the parties' pension plans, the domestic relations court referee issued his report and recommendations. Overruling all objections, the domestic relations court approved and adopted the referee's report, and entered a decree of divorce, from which each party has appealed.

In her first assignment of error, plaintiff challenges the domestic relations court's treatment of defendant's interest in his postal service pension plan. We find no merit to this challenge.

The uncontested record of the proceedings before the referee discloses that each party had a vested interest in an employer-sponsored pension plan. Plaintiff had been employed by the General Electric Company from 1970 until 1991. She had interests in her employer's security plan and pension plan with present values of, respectively, $53,164 and $78,953.

Defendant, a long-time employee of the United States Postal Service, participated in the postal service pension plan. This plan effectively takes the place of both a private pension plan and Social Security. Neither defendant nor the Postal Service contributed to the Social Security system. Instead, equivalent sums were deducted from his earnings and from the Postal Service and credited to the Postal Service pension plan in lieu of Social Security contributions.

Expert testimony established that seventy-four percent of defendant's pension plan sum was marital property. If defendant had contributed to Social Security during the marriage, the present value of the benefits, at the time of the referee's report, would have been $86,340. The referee deducted this present value from the marital portion of defendant's pension plan.

█ Plaintiff asserts that the domestic relations court improperly considered defendant's hypothetical Social Security credits to be marital property subject to division, thus reducing the value of the pension and reducing her award from that asset. We disagree.

█ State courts are prohibited from dividing Social Security benefits, which are allocated according to federal statute. *Hisquierdo v. Hisquierdo* (1979), 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1. Public employees who do not participate in the Social Security system may be penalized because the portions of their pension equivalent to Social Security contributions are marital property subject to division, while their spouse's contributions to Social Security cannot be considered marital property under federal statute. See *Eickelberger v. Eickelberger* (1994), 93 Ohio App.3d 221, 227, 638 N.E.2d 130, 135.

█ Nonetheless, while Social Security benefits are not true marital assets and are not "subject to direct division," they are "subject to evaluation and consider-

ation in making an equitable distribution of both parties' marital assets." *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 180, 559 N.E.2d 1292, 1296; *Eickelberger*, 93 Ohio App.3d at 227–228, 638 N.E.2d at 134–135. Accordingly, the referee and the court below followed the reasoning employed by at least four Ohio courts of appeals, and reduced defendant's pension plan value by the value of the benefits that would have accrued under Social Security if he had been a participant during the marriage.

We hold that the court's division of defendant's retirement benefits did not constitute an abuse of discretion, as it exhibited a sound reasoning process by considering the equivalent of his Social Security benefits, by determining the present value of the marital portion of these benefits by expert testimony, and then by deducting this present value from the marital portion of defendant's pension plan. See *Hoyt*, paragraph one of the syllabus. Therefore, we overrule plaintiff's first assignment of error.

In her second assignment of error, plaintiff challenges the domestic relations court's failure to award her the payment of legal fees. The award of attorney fees in a divorce proceeding is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. R.C. 3105.18(H); *Walther v. Walther* (1995), 102 Ohio App.3d 378, 657 N.E.2d 332. "Abuse of discretion" requires more than an error of law, but rather implies that the court's judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142. This assignment of error is overruled, as we find no abuse of discretion when the record reflects that the referee and the court considered the reasonableness of the demand and the ability to pay and the need of each party in reaching the decision to deny the request for attorney fees.

In her third assignment of error, plaintiff asserts that the trial court erred in denying her request for temporary rehabilitative alimony. The assignment of error is not well taken. The referee's refusal to grant rehabilitative spousal support is justified where the referee considered the factors enumerated in R.C. 3105.18(C)(1), and the record reflects that plaintiff had the ability to earn over $50,000 per year, has advanced educational degrees, and has earning capability that exceeds that of defendant.

In her last assignment of error, plaintiff claims that the trial court erred in offsetting some debts incurred during the course of the marriage against marital debt. This challenge to the domestic relations court's division of the parties' marital assets and liabilities must fail, as the court is vested with broad discretion to determine what constitutes an equitable division of property in a divorce proceeding. Its exercise of discretion will not be disturbed on appeal

when, as here, there is an absence of some demonstration that the court abused its discretion. *Blakemore, supra; Jelen v. Jelen* (1993), 86 Ohio App.3d 199, 203, 620 N.E.2d 224, 226.

Our analysis of the plaintiff's fourth assignment of error also is dispositive of defendant's cross-appeal, in which he claims the trial court erred in requiring him to transfer $7,600 to plaintiff. No abuse of the court's discretion is to be found in the record. The cross-appeal is without merit.

Therefore, as no assignments of error raised by either party are well taken, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., GORMAN and PAINTER, JJ., concur.