DECISION
This case began with appellee's filing of a complaint for divorce on January 16, 1992. A domestic relations court magistrate[1]
conducted a property trial on three dates in late 1994 and early 1995. Then, on May 1, 1995, the magistrate issued a decision recommending to the trial court a division of assets and liabilities and an award of spousal support and legal expenses. Both parties filed objections to the report.
In May 1996, the trial court rescheduled a hearing on the objections so that the parties could pursue settlement negotiations. Settlement efforts over the next months were unsuccessful, so the trial court held a hearing on the objections on March 6, 1997. After that hearing, the trial court remanded the case to the magistrate for further consideration of various issues. Following the remand, the magistrate issued another decision, as well as findings of fact and conclusions of law, in the fall of 1997. The parties filed objections to the decision.
On December 9, 1997, the trial court held a hearing on the second set of objections. The court entered a decision on the objections on February 11, 1998. After a hearing on the merits of the divorce, the trial court entered a final decree of divorce on December 10, 1998. The parties appeal the decree.
Both parties assign as error the trial court's award of $20,000 in attorney fees to be paid by appellant to appellee. Appellant claims in his first assignment of error that the trial court had no legal basis upon which to make the award, while appellee claims in her third assignment of error that the award was not high enough.
In his decision, the magistrate recommended an award of $35,000 to appellee as a lump sum for both spousal support and attorney fees. After a hearing on the parties' objections, the trial court remanded the matter to the magistrate, stating, "It cannot be determined from the record how the [magistrate] calculated this sum and therefore the issue of spousal support and attorney fees shall be remanded to the [m]agistrate for additional proceedings."
Then the magistrate issued a second decision ordering appellant to pay a total of $24,000 ($1,000 per month for twenty-four months) as spousal support and an additional $35,000 for attorney fees to appellee. In doing this, the magistrate increased by $24,000 the total award for attorney fees and spousal support.
After a hearing on the objections to the magistrate's second decision, the trial court reduced the award of attorney fees to $20,000 and the spousal-support award to a total of $18,000 ($750 per month for twenty-four months).
While this case was pending in the trial court, we addressed the issue of attorney fees in Gill v. Gill.[2] We noted inGill that we review an award of attorney fees for abuse of discretion.[3] In order for a court to order one party to pay another's attorney fees, the shifting of fees must be (1) authorized by statute or (2) based on the court's determination that the party ordered to pay fees acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons."[4]
In this case, the trial court did not refer to a particular statutory authority or to its inherent power to sanction bad-faith conduct when it awarded attorney fees. Considering the possible statutory authority for the award in this case, we look first to R.C. 3105.18(H), which allows a court to award attorney fees in an action for divorce, annulment or dissolution of marriage. Under that statute, the court must determine (1) that the party ordered to pay has the ability to pay, and (2) whether either party would be prevented from fully litigating his rights and adequately protecting his interests if attorney fees were not awarded.
The record demonstrates that when the trial court made the $20,000 award for attorney fees, it failed to consider the factors set forth in R.C. 3105.18(H). The magistrate inserted into his decision the entire text of R.C. 3105.18, but failed to make the required findings under subsection (H) regarding whether appellant would be able to pay the attorney fees or whether appellee would be prevented from fully litigating her rights if attorney fees were not awarded. Because the record in this case demonstrates that the trial court failed to consider the factors under R.C.3105.18(H), any award of fees pursuant to that statute would be an abuse of discretion.[5]
We also look to R.C. 2323.51, which permits a court to award attorney fees to a party who has been adversely affected by frivolous conduct. Before an award of fees may be made pursuant to R.C. 2323.51, the court must hold a hearing, after proper notice to the parties, to determine whether a party has acted obviously to harass or maliciously injure another party and whether any misconduct has adversely affected another party.[6]
In this case, no such hearing was held and no finding was made that appellant's conduct was intended obviously to harass or maliciously injure appellee. Thus, no award of fees could properly be made pursuant to R.C. 2323.51.[7]
Having found no statutory authority that would support an award of attorney fees in this case, we further determine that the award was not justified by the trial court's inherent power to address bad-faith conduct. The trial court did not find, and the record does not demonstrate, that appellant acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons."[8]
Under these circumstances, we hold that the trial court abused its discretion by awarding attorney fees. We therefore sustain appellant's first assignment of error and overrule appellee's third assignment of error.
The magistrate awarded $24,000 to appellee as spousal support. After a hearing on the objections to the magistrate's decision, the trial court modified the amount of the award to $18,000. Appellant argues that the trial court erred by awarding spousal support to appellee. Appellee, on the other hand, contends that the trial court erred by not making a greater award of support.
In determining whether spousal support is appropriate and reasonable and in determining the amount and duration of the payments, the trial court must consider the factors set forth in R.C. 3105.18(C). The trial court has wide discretion in making awards of spousal support.[9] The record reveals that when the trial court modified the amounts of the awards for spousal support and attorney fees, it sustained the magistrate's decision in all other respects. The decision demonstrates the magistrate's consideration of the required factors under R.C. 3105.18(C). Appellant objected to the magistrate's finding regarding his average income and emphasized his employer's testimony that his income would decrease as a result of changing market conditions. The record reveals the trial court's determination that spousal support was appropriate, despite a decrease in appellant's income, because a significant disparity still existed between the parties' incomes. We find no basis to conclude that the trial court abused its discretion in making the award of support. Therefore, we overrule appellant's second assignment of error, as well as appellee's first assignment of error.
In his third assignment of error, appellant contends that the trial court erred by failing to exclude certain attachments to appellee's written closing argument. After trial, both parties submitted written closing arguments to the magistrate. Appellee attached nineteen documents to her written closing argument. When appellant objected to eleven of these attachments because they had not been admitted at trial, the magistrate struck five of them from the record. The remaining six attachments included a letter from PaineWebber to appellee's attorney valuing appellant's shares of Franklin Savings Loan stock, an earlier letter from appellee's attorney to the magistrate, and copies of various pleadings filed by appellee in the trial court.
A pleading is not admissible into evidence to prove a party's allegations and must not be considered as evidence by the trial court.[10] In this case, while the magistrate erred in finding that the pleadings and correspondence from counsel were appropriate to use in conjunction with closing argument, the magistrate further stated that he did not consider the documents as evidentiary exhibits. It is clear from the record that appellee attached these documents to bolster her claim for attorney fees. Because we have already concluded that there was no basis for a fee award in this case, we hold that any error regarding the pleadings and the letter from counsel was harmless.
Furthermore, although the magistrate failed to strike the PaineWebber letter valuing appellant's shares of Franklin stock, the record demonstrates no resulting prejudice to appellant. In fact, appellant waited until closing argument to disclose that, in early 1995, there had been a two-for-one split in the Franklin stock resulting in the issuance of 1,387 new shares to appellant. Appellant conceded that this "new evidence * * * change[d] only the form, but not the value of the asset." And appellant does not now challenge the trial court's subsequent order that he transfer 1,387 shares of the stock to appellee. Thus, appellant's third assignment of error is overruled.
In his fourth, fifth, and sixth assignments of error, appellant contests the following factual findings by the trial court: (1) that the parties had divided their household goods by agreement; (2) that the value of the Arabian Court property was $140,000; (3) and that no agreement existed between the parties to share their son's college expenses. Because these factual determinations were supported by competent, credible evidence, this court will not disturb them.[11] These assignments of error are overruled.
In his seventh assignment of error, appellant contends that the trial court erred in its division of property by charging to him a $7,500 commission that he had earned prior to the parties' separation. Appellant's claim that the trial court had already included the commission as part of his income in 1992, when it awarded temporary spousal support to appellee, is without support in the record. Furthermore, where, as here, the record discloses no abuse of discretion by the trial court in dividing the marital property, this court will not reverse that decision.[12]
Appellant's seventh assignment of error is overruled.
In his eighth assignment of error, appellant argues that the trial court erred by treating his "hypothetical future Social Security benefits as a property interest to be offset against various other marital property interests." We hold that the court did not abuse its discretion in this respect, because the record demonstrates that it merely considered the valuation of appellant's Social Security benefits in making an equitable distribution of both parties' marital assets.[13] Appellant's eighth assignment of error is overruled.
In her second assignment of error, appellee contends that the trial court erred by terminating the temporary spousal support and by modifying the arrearage to reflect a zero balance. The record reflects that the termination was initially ordered in the magistrate's decision on May 1, 1995. Because appellee failed to raise this issue in her objections filed with the trial court, she is barred from raising it on appeal.[14] Appellee's second assignment of error is overruled.
In her fourth and final assignment of error, appellee contends that the trial court erred by listing a $3,435 tax liability as a marital debt that appellant received credit for paying. The parties separated in October 1992. During that month, appellant withdrew $3,053.10 from a joint savings account and later applied the funds to the 1992 tax liability. Since the parties lived together during most of 1992, the trial court reasonably concluded that the money was applied to a marital debt. In any event, even if the trial court erred in giving appellant credit for paying the liability, the error did not render the property division inequitable or demonstrate an abuse of discretion. Appellee's fourth assignment of error is overruled.
Accordingly, we reverse only that part of the trial court's judgment awarding attorney fees and enter judgment for appellant on this issue in accordance with App.R. 12. The judgment of the trial court is affirmed in all other respects.
Judgment accordingly.
 PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
[1] In 1995, Civ.R. 53 changed the title "referee" to "magistrate." For the sake of consistency, we will use the term "magistrate."
[2] (Oct. 10, 1997), Hamilton App. No. C-960610, unreported.
[3] Gill, supra, citing Ceol v. Zion Indus. Inc.
(1992), 81 Ohio App.3d 286, 610 N.E.2d 1076.
[4] Gill, supra, citing Vance v. Roedersheimer (1995), 64 Ohio St.3d 552,597 N.E.2d 153.
[5] See Gill, supra.
[6] R.C. 2323.51(B)(2); see, also, Gill, supra.
[7] See Gill, supra.
[8] See Vance, supra, and Gill, supra.
[9] See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67,554 N.E.2d 83, 86-87.
[10] Felton v. Felton (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, syllabus.
[11] See Miller v. Miller (Sept. 17, 1999), Hamilton App. No. C-980892, unreported.
[12] See Berish v. Berish (1982), 69 Ohio St.2d 318, 319,432 N.E.2d 183, 184.
[13] See Walker v. Walker (1996), 112 Ohio App.3d 90, 92-93,677 N.E.2d 1252, 1253-1254, appeal not allowed (1996), 77 Ohio St.3d 1492,673 N.E.2d 149; Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180,559 N.E.2d 1292, 1296; Eickelberger v. Eickelberger (1994),93 Ohio App.3d 221, 227-228, 638 N.E.2d 130, 134-135.
[14] Civ.R. 53(E)(3)(b); see, also, In Re Wooldridge (Aug. 27, 1999), Hamilton App. No. C-980545, unreported.