THOMPSON, Appellant,

v.

THOMPSON, Appellee.

[Cite as *Thompson v. Thompson*, 197 Ohio App.3d 610, 2011-Ohio-6689.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2010–P–0058.

Decided Dec. 27, 2011.

Paoloni & Lewis and Robert J. Paoloni, for appellant.

Giulitto Law Office, L.L.P., and Diana J. Prehn, for appellee.

Thomas R. Wright, Judge.

{¶ 1} Appellant, Jeffrey A. Thompson, appeals from the July 14, 2010 judgment of the Portage County Court of Common Pleas, Domestic Relations Division, granting the parties a divorce.

{¶ 2} Appellant and appellee, Connie J. Thompson, married in 1992. Three children were born issue of the marriage. Prior to and during the course of their marriage, Jeffrey, a public-school teacher, contributed to the State Teachers Retirement System ("STRS") pension program. Connie, employed in the private sector, contributed to Social Security and had a pension with Summa Health System.

{¶ 3} After being married for about 17 years, Jeffrey filed for divorce. Connie filed an answer and counterclaim. Jeffrey filed a reply.

{¶ 4} Shortly thereafter, Jeffrey filed a brief on the issue of offsetting Connie's Social Security benefits against his STRS pension. In his brief, Jeffrey cited the leading case of *Cornbleth v. Cornbleth* (1990), 397 Pa.Super. 421, 580 A.2d 369, in which the Superior Court of Pennsylvania addressed the public pension/Social Security issue for property-division purposes. As will later be discussed, however, *Cornbleth* and the cases that followed it do not deal with offsetting the Social Security benefits of one spouse against the public pension of another spouse.

{¶ 5} A bench trial was held. The parties agreed for the trial court to issue orders regarding the allocation of their retirement accounts. Connie later filed a post-trial brief that included the issue of "setoff," as well as a notice of submission of pension evaluations.

{¶ 6} The trial court concluded that Connie's Social Security benefits should not be offset against Jeffrey's STRS pension, and issued the following findings:

{¶ 7} "In determining whether or not Husband is entitled to an offset in his STRS pension program because of Wife's potential receipt of social security benefits, the Court followed the policy of the Portage County Domestic Relations Court. That policy requires consideration of the ages of the parties and the ability to determine what benefits may be received.

{¶ 8} "Wife is 39 years old and will not be eligible for benefits until she is 62 years old or 23 years from the date of trial. It will be 28 years before Wife is eligible for full benefits. Given her age, along with the 23– or 28–year wait, the Court determining what benefits she may receive becomes entirely too speculative. Accordingly, it would not be equitable to award a social security setoff."

{¶ 9} In granting the divorce, the trial court ordered Connie's counsel to prepare a judgment incorporating its findings along with the prior agreement of the parties. The parties subsequently filed pension evaluations. Pension Evaluators, a division of QDRO Consultants Co., L.L.C., determined the present value of the parties' accounts as of September 1, 2009. Jeffrey's STRS pension was valued at $218,424.98. Connie's Social Security was valued at $82,386.23, and her Summa pension was valued at $7,896.03. The parties agreed with the evaluations.

{¶ 10} The trial court later granted the parties a divorce. Connie's Summa pension was offset against Jeffrey's STRS pension. However, the trial court did not compute and deduct the present value of a Social Security benefit that Jeffrey would have received if he contributed to Social Security from the present value of his STRS pension for distribution purposes pursuant to *Cornbleth*. Jeffrey filed a timely appeal asserting the following assignment of error:

{¶ 11} "The trial court erred as a matter of law and abused its discretion when it failed to offset the marital portion of the wife's Social Security benefits against the marital portion of the STRS pension benefits of the husband."

{¶ 12} "Generally, pension or retirement benefits earned during the course of a marriage are marital assets to be considered when dividing marital property. *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292,. An appellate court applies an abuse of discretion standard of review to a trial court's decision regarding the division of retirement assets. *Levine v. Levine* (Sept. 3, 1999), 4th Dist. No. 98 CA 34 [1999 WL 729262]." *DeChristefero v. DeChristefero*, 11th

Dist. No. 2001–T–0055, 2003-Ohio-3065, 2003 WL 21377611, at ¶ 28. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, at ¶ 62, quoting Black's Law Dictionary (8th Ed.Rev. 2004) 11.

{¶ 13} Although Jeffrey couched his argument before the trial court and this court in language that Connie's Social Security benefits should be "offset" against his STRS pension, his briefings clearly reveal his citations to and reliance on *Cornbleth, Neel v. Neel* (1996), 113 Ohio App.3d 24, 680 N.E.2d 207, and *DeChristefero. Cornbleth, Neel,* and *DeChristefero,* which will later be discussed in detail, do not deal with "offsetting" the value of one spouse's Social Security benefits against the other spouse's public pension. Rather, the *Cornbleth* method, as correctly cited in Jeffrey's briefings before the trial court and this court, involves computing and deducting the present value of a Social Security benefit that Jeffrey would have received if he contributed to Social Security from the present value of his STRS pension in determining the marital-value portion of his pension. Thus, Jeffrey's argument with respect to the *Cornbleth* method was raised and preserved.

{¶ 14} In *Cornbleth,* the Superior Court of Pennsylvania addressed the public pension/Social Security issue for property-division purposes. That court stated:

{¶ 15} "To facilitate a process of equating [public pension] participants and Social Security participants we believe it will be necessary to compute the present value of a Social Security benefit had the [public pension] participant been participating in the Social Security system. This present value should then be deducted from the present value of the [public] pension at which time a figure for the marital portion of the pension could be derived and included in the marital estate for distribution purposes. This process should result in equating, as near as possible, the two classes of individuals for equitable distribution purposes." *Cornbleth,* 397 Pa.Super. at 427, 580 A.2d 369.

{¶ 16} The Eighth District in *Neel* followed *Cornbleth* and found the *Cornbleth* method to be the most thorough and equitable for addressing the public pension/Social Security issue for property-division purposes. *Neel,* 113 Ohio App.3d at 32, 680 N.E.2d 207.

{¶ 17} In *DeChristefero,* this court adopted and applied *Cornbleth* and *Neel* in addressing the public pension/Social Security issue for property-division purposes. Like our case, in *DeChristefero* the husband was employed as a public-school teacher and contributed to STRS, and the wife was employed in the private sector and contributed to Social Security. *DeChristefero,* 2003-Ohio-3065, 2003 WL 21377611, at ¶ 4, 10. In *DeChristefero,* this court pointed out the inequities that result when one spouse contributes to a government pension and the other spouse contributes to Social Security:

{¶ 18} "State courts cannot divide Social Security benefits, allocated pursuant to federal statute, but should consider these benefits when making an equitable division of a parties' marital property. *Walker v. Walker* (1996), 112 Ohio App.3d 90, 677 N.E.2d 1252. This can create an inequity when one spouse contributes to the Social Security System and the other spouse to a government pension system. Public employees, contributing to a government pension system, may be penalized because the portions of their pension equivalent to Social Security contributions are marital property subject to division, while their spouse's contributions to Social Security are not marital property under federal statute. *Id.* Even so, a court should evaluate and consider a spouse's Social Security benefits when equitably distributing the parties' marital assets. *Id.* Courts have recommended that a domestic relations court compute the present day value of a Social Security benefit, which the spouse contributing to the public pension plan would have received if contributing to Social Security. That value should then be deducted from the present value of the public pension benefit to derive a figure for the marital portion of the pension." *Id.* at ¶ 29.

{¶ 19} In determining the process of evaluating the computations to be applied when equating public-pension participants and Social Security participants, this court in *DeChristefero* held that the *Cornbleth* method must be used. *Id.* at ¶ 33. Thus, pursuant to *DeChristefero,* before a public pension can be divided as marital property, an amount equivalent to a Social Security benefit that the public-plan participant would have contributed to Social Security must be deducted from the present value of the public pension. See also *Cain v. Hamrick–Cain,* 11th Dist. No. 2002–A–0086, 2004-Ohio-2448, 2004 WL 1086881, at ¶ 20, and *Vlad v. Vlad,* 11th Dist. No. 2003–T–0126, 2005-Ohio-2080, 2005 WL 1007252, at ¶ 66, citing *DeChristefero.*

{¶ 20} In *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, the Supreme Court of Ohio held that a trial court may consider the parties' future Social Security benefits in relation to all marital assets to make an equitable distribution of property. *Id.* at ¶ 4.

{¶ 21} Subsequent to *Neville,* on April 7, 2009, the legislature amended R.C. 3105.171, "Equitable division of marital and separate property; distributive award," by inserting:

{¶ 22} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider * * *:

{¶ 23} "(9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension."

{¶ 24} In our case, Jeffrey and Connie testified and presented evidence to the trial court with respect to their retirement benefits. Pension Evaluators determined the present value of the parties' accounts as of September 1, 2009, and the parties agreed with those values. Again, Jeffrey's STRS pension was valued at $218,424.98. Connie's Social Security was valued at $82,386.23, and her Summa pension was valued at $7,896.03. The trial court did not follow *Cornbleth* in addressing the public pension/Social Security issue for property-division purposes. Rather, in making its determination as to whether Connie's Social Security benefits should be offset against Jeffrey's STRS pension, the trial court dismissed Connie's Social Security benefits as being "too speculative," although evidence presented to the court clearly indicated that as of September 1, 2009, the marital portion of her Social Security benefits was valued at $82,386.23. The trial court further indicated in its findings that it followed the policy of the Portage County Domestic Relations Court, which requires consideration of the ages of the parties and the ability to determine what benefits may be received. Jeffrey is approximately eight years older than Connie. The trial court held that due to Connie's age of 39, it would not be equitable to award a Social Security setoff.

{¶ 25} We note, however, that neither the ages of the parties nor their ability to determine what benefits may be received are factors required to be considered under R.C. 3105.171. By modifying R.C. 3105.171, the legislature mandated that courts "shall consider * * * [a]ny retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension." R.C. 3105.171(F)(9).

{¶ 26} Again, the value of Connie's Social Security benefits is not set off against Jeffrey's public pension. Rather, the *Cornbleth* method involves computing and deducting the present value of a Social Security benefit that Jeffrey would have received if he had contributed to Social Security from the present value of his STRS pension in determining the marital-value portion of his pension.

{¶ 27} Based on R.C. 3105.171(F)(9) and *DeChristefero*, the trial court abused its discretion by failing to compute and deduct the present value of a Social Security benefit that Jeffrey would have received if he had contributed to Social Security from the present value of his STRS pension for distribution purposes.

{¶ 28} On remand, the trial court shall follow the *Cornbleth* method. Specifically, the trial court shall compute the present value of a Social Security benefit that Jeffrey, the public plan participant, would have received if he had contributed to Social Security. That present value shall then be deducted from the present value of Jeffrey's STRS pension. A figure for the marital portion of Jeffrey's STRS pension can then be derived and shall be included in the marital estate for distribution purposes.

{¶ 29} For the foregoing reasons, Jeffrey's sole assignment of error is well taken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CANNON, P.J., and GRENDELL, J., concur.