[Cite as *Hutchison v. Hutchison*, 2014-Ohio-5471.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| NORMA J. HUTCHISON, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-048** |
| JEFFERY L. HUTCHISON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 12 DR 000260.

Judgment: Affirmed.

*Richard A. Hennig,* Hennig, Szeman & Klammer Co., L.P.A., 10 West Erie Street, Suite 106, Painesville, OH 44077 (For Plaintiff-Appellee).

*David N. Patterson,* 33579 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Jeffery L. Hutchison, appeals the final judgment of the Lake County Court of Common Pleas, Domestic Relations Division, terminating his marriage to plaintiff-appellee, Norma J. Hutchison, and dividing the marital estate. The issues before this court are whether a trial court may consider a hypothetical Social Security benefit where one spouse is not entitled to Social Security due to state employment and the other spouse is entitled to Social Security benefits; whether a

magistrate's factual findings may be challenged on appeal where the appellant failed to provide a complete trial transcript to support his objections in the court below; and whether an award of attorney fees against a party is proper where the party is found to have complicated and delayed the proceedings.

{¶2} On April 20, 2012, Norma filed a Complaint for Divorce against Jeffery in the Lake County Court of Common Pleas, Domestic Relations Division.

{¶3} On June 1, 2012, Jeffery filed his Answer to Complaint for Divorce and Counterclaim.

{¶4} On June 5, 2012, Norma filed a Reply to Counterclaim.

{¶5} On May 6, June 7, and July 12, 2013, the divorce was tried before a magistrate of the domestic relations court.

{¶6} On October 18, 2013, a Magistrate's Decision was issued. The magistrate found that the parties were married on May 2, 1997 in Ashtabula, Ohio. Two children were born as issue of the marriage, both of whom were emancipated when the Complaint for Divorce was filed. The parties were "entitled to a divorce upon grounds of incompatibility and [having], without interruption for one year, lived separate and apart without cohabitation." The magistrate's various findings regarding the division of property and award of attorney fees will be discussed, as appropriate, below.

{¶7} Both parties filed objections to the Magistrate's Decision.

{¶8} On March 13, 2014, the domestic relations court issued a Judgment Entry, disposing of the parties' objections. The court noted:

> Husband has filed two transcripts of excerpts of testimony taken
> during the parties' three-day trial. One volume has 17 pages of

2

testimony; the other has 87 pages of testimony. Husband is cautioned said excerpts cannot act as a substitute for a complete trial transcript in which the excerpts are read in the context of trial. As a result, pursuant to Civil Rule 53, the facts shall remain as determined by the Magistrate in his Decision unless the undersigned specifies otherwise.

{¶9} On April 15, 2014, a Final Judgment for Divorce without Children was issued.

{¶10} On May 9, 2014, Jeffery filed a Notice of Appeal. On appeal, Jeffery raises the following assignments of error:

{¶11} "[1.] The trial court abused its discretion and erred when it off-set $116,058.55 against the Appellant as a "hypothetical social security" figure when the value of the Appellee's PERS was $200,832.00."

{¶12} "[2.] The trial court abused its discretion and acted in an unreasonable and arbitrary manner by entering judgment and adopting the Magistrate's Decision which improperly and inequitably distributed property, valued property, and provided off-sets, deviations, and awards."

{¶13} "[3.] The trial court abused its discretion and acted in an unreasonable and arbitrary manner by entering judgment and adopting the Magistrate's Decision in assessing penalties in various forms against the appellant."

{¶14} A domestic relations court's division of marital property is reviewed under an abuse of discretion standard, as is the court's adoption of a magistrate's decision. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 421 N.E.2d 1293 (1981); *Ludrowsky v.*

*Ludrowsky*, 11th Dist. Lake No. 2011-L-158, 2012-Ohio-4204, ¶ 10. Likewise, the decision to award attorney fees is within the sound discretion of the trial court. *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985), citing *Cohen v. Cohen*, 8 Ohio App.3d 109, 111, 456 N.E.2d 581 (11th Dist.1983).

{¶15} In the first assignment of error, Jeffery argues that the domestic relations court/magistrate abused its discretion by adjusting the marital portion of Norma's PERS retirement account by deducting a hypothetical Social Security benefit.

{¶16} With respect to the parties' pensions, the magistrate found that Norma has been employed by the Lake County Commissioners since April 1994, and Jeffery has been employed by the Lake County Commissioners since June 2006. During the course of the marriage, Jeffery has been engaged in employment which would result in eligibility for Social Security benefits while Norma has not. The current value of Jeffery's PERS retirement was $79,645, with a marital value of $59,733. The current value of Norma's PERS retirement was $268,547, with a marital value of $200,832.

{¶17} A report prepared by Pension Evaluators determined Norma's hypothetical Social Security benefit to be $155,190, of which $116,058 was deemed marital ("available for equitable distribution" in the words of the Magistrate's Decision). The hypothetical Social Security benefit of $116,058 was subtracted from Norma's public pension valued at $200,832 to yield a net value of $84,774.

{¶18} Consideration of a public employee's hypothetical Social Security benefit when dividing pensions arises from the fact that Ohio public employees, by virtue of their participation in OPERS, do not contribute to Social Security. Unlike a PERS retirement account, Social Security benefits are not subject to division in divorce or

4

dissolution of marriage proceedings. *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 6-7 ("pension and retirement benefits acquired by a spouse during the marriage are deemed marital assets that are subject to division," whereas "Social Security benefits * * * may not be divided in a divorce proceeding"); *DeChristefero v. DeChristefero*, 11th Dist. Trumbull No. 2001-T-0055, 2003-Ohio-3065, ¶ 29 ("[p]ublic employees, contributing to a government pension system, may be penalized because the portions of their pension equivalent to Social Security contributions are marital property subject to division, while their spouse's contributions to Social Security are not marital property under federal statute"); R.C. 3105.171(F)(9) ("[i]n making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider * * * [a]ny retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension").

{¶19} The method employed by the magistrate in the present case was expressly approved by this court in *Thompson v. Thompson*, 197 Ohio App.3d 610, 2011-Ohio-6689, 968 N.E.2d 525, ¶ 19 (11th Dist.) ("before a public pension can be divided as marital property, an amount equivalent to a Social Security benefit that the public plan participant would have contributed to Social Security must be deducted from the present value of the public pension").

{¶20} Jeffery acknowledges that courts have discretion to consider hypothetical Social Security benefits, but contends that, in the present case, such consideration produces an inequitable result. Jeffery provides little argument in support of his contention. Jeffery argues that "the 'hypothetical social security' benefit method is

5

antiquated and inequitable and should be retired itself." Appellant's brief at 14. On the contrary, it is recognized that consideration of such benefits is mandated by statute. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 48.

**{¶21}** Jeffery alternatively argues that the justifications for the offset are "not present" and that the "figure assessed by the Magistrate" is "unsubstantiated." It was the magistrate's finding, however, that Jeffery is entitled to Social Security benefits which are not subject to division while Norma has a public pension which is subject to division. Jeffery does not explain how the magistrate's figure or figures are unsubstantiated, but it is a moot argument. As noted by the domestic relations court, the magistrate's findings cannot be challenged in the absence of a complete transcript. *Waclawski v. Waclawski*, 11th Dist. Lake No. 2005-L-139, 2006-Ohio-3213, ¶ 12 (partial transcript was inadequate to permit review of the magistrate's and/or lower court's findings and conclusions). We find no abuse of discretion.

**{¶22}** The first assignment of error is without merit.

**{¶23}** Under the second assignment of error, Jeffery alleges various errors relating to the valuation and distribution of marital property.

**{¶24}** Jeffery argues that Norma violated the domestic relations court's April 23, 2012 Judgment Entry (Restraining Orders) by withdrawing $6,100 from her deferred compensation account (a marital asset) during the pendency of the divorce. According to Jeffery, "he should have been awarded a distributive amount of $6,100.00 to be realized through the distribution of assets and/or liabilities." Appellant's brief at 16.

**{¶25}** The domestic relations court/magistrate treated Norma's withdrawal of $6,100 from her deferred compensation account as the "us[e] of marital property to pay

a marital debt." In an October 18, 2013 Magistrate's Decision, in which the magistrate declined to find Norma in contempt for withdrawing the funds, it was found:

> The evidence presented establishes that $6,[1]00.00 was withdrawn for the purpose of wife completing a refinance of the marital residence and paying a second mortgage/home equity line of credit. The refinance was necessary, in part, due to husband's failure to pay the mortgage during his sole possession of the marital residence. Wife did not conceal her removal of the $6,[1]00.00 and the need for these funds to complete the refinance. Wife's actions benefited husband by removing him from a mortgage and second mortgage and avoided a foreclosure which would probably have resulted in potential loss of marital property and an increase in marital debt due to a deficiency related to said property.

{¶26} We find no abuse of discretion in the domestic relations court's treatment of the $6,100 withdrawal.

{¶27} Jeffery argues that the domestic relations court/magistrate "erred in arbitrarily accepting the general, approximate values submitted by [Norma] through various exhibits and Pam Morse." Appellant's brief at 18. Pam Morse appraised certain vehicles owned by the parties and the marital residence. Morse's testimony is not part of the record before this court. We defer to the magistrate's estimation of her appraisals and find no abuse of discretion.

7

{¶28} Jeffery asserts that the magistrate failed to account for a $2,660.62 credit card debt attributable to Norma. There is no evidence regarding this debt in the record before us.

{¶29} Jeffery asserts that he should not be responsible for half of a $9,000 student loan Norma signed on behalf of their daughter. The magistrate found the debt to be marital in that it was created during the course of the marriage.

{¶30} Jeffery asserts that the $17,677 award to Norma to equalize the distribution of pensions and deferred compensation was improper. The magistrate valued the parties' retirement accounts as discussed under the first assignment of error and treated all deferred compensation accounts as marital. An award of $17,677 was appropriate to equalize the distribution of these assets.[1]

{¶31} Jeffery asserts he should not have to compensate Norma for $4,162 of the mortgage debt. The magistrate found that this increase in the mortgage debt was due to Jeffery's failure to pay the mortgage while he was in possession of the marital estate, based on the testimony of Anita Walters, CEO of the Lake County Federal Employees Credit Union.

{¶32} Jeffery asserts that he should not be liable for $4,933 of tax liability. Norma was awarded $29,374 from Jeffery's deferred compensation accounts to equalize the division of property. John Redmond, a certified public accountant, testified

---

1. As noted above, the marital portion of Jeffery's pension was $59,733 and the marital portion of Norma's was $84,774, a difference of $25,041 in Norma's favor. Jeffery had a deferred compensation account with a value of $69,385 and Norma had one with a value of $8,990, a difference of $60,395 in Jeffery's favor. The magistrate deducted the $25,041 for the pension disparity, leaving a disparity of $35,354 in Jeffery's favor. Jeffery was ordered to compensate Norma for half of this figure, i.e., $17,677.

that Norma's tax liability on this award would be $4,933, which figure the magistrate added to Norma's award. [2]

{¶33} Jeffery asserts that he should not be liable for Pam Morse's appraisal fees of $895, Pension Evaluator's fees of $650, the $750 dumpster fee necessary to dispose of property and construction materials from the sale of the residence, and an unpaid electric bill in the amount of $349. The magistrate found that Jeffery was in sole possession of the marital residence from September 2011 until February 2013. In addition to not paying the mortgage during this time, Jeffery allowed the residence to "substantially deteriorate during his possession," requiring extensive repairs and appraisals to make it marketable. The magistrate ordered Norma to be "responsible for the payment of the mortgage, taxes, insurance, all maintenance, and all utilities until the property is sold."

{¶34} We find no abuse of discretion in the domestic relations court's/magistrate's disposition of these assets and liabilities.

{¶35} The second assignment of error is without merit.

{¶36} In the third assignment of error, Jeffery argues the domestic relations court/magistrate abused its discretion by awarding Norma $7,325 in attorney fees.

{¶37} In an action for divorce * * *, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital

2. Norma was awarded $14,369 to equalize the property division, $10,843 to equalize the division of marital debt, and $4,162 due to Jeffery allowing the mortgage to default, for an aggregate award of $29,374 to be paid from Jeffery's deferred compensation account. John Redmond calculated $4,993 as the amount of "ordinary income tax on withdrawal from deferred compensation."

assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

R.C. 3105.73(A).

{¶38} The magistrate awarded attorney fees and the domestic relations court affirmed the award based on the following findings:

The matter was complicated by defendant's failure to make the mortgage payment, for an extended period of time, during his occupancy of the marital residence after separation. Both parties earned approximately $50,000.00 annually and husband did make the mortgage payment initially. As a result of husband's failure to make the mortgage payment the real estate was in a pre-foreclosure situation. Extensive services were performed by counsel for the plaintiff to avoid a foreclosure and for wife to refinance.

The matter was further complicated by husband allowing the residence to substantially deteriorate during his possession. The record includes numerous examples of damages in the residence which were clearly not from normal wear and tear. Pamela Morse was required to do an appraisal upon wife taking possession of the residence and a second appraisal after wife completed extensive repairs to prepare the residence for resale. Numerous motions

were filed by counsel for plaintiff related to the residence, its condition, and the potential foreclosure.

Husband was extremely slow in responding to several discovery requests. Husband was especially slow in responding to a request for social security information which ultimately resulted in trial dates being continued. This interfered with placing a value on pension and social security and the discussion of resolving the matter.

Husband sold numerous items of personal property during the pendency of the matter. Husband was uncooperative in supplying information regarding the location of a motorcycle which counsel for plaintiff needed to appraise. The motorcycle was sold to a relative of husband and information provided in discovery was not clear or helpful in determining the location of the purchaser of the motorcycle. On two occasions [wife's] Attorney Hennig went to Trumbull County in an attempt to subpoena the purchaser of the motorcycle. It was determined the purchaser of the motorcycle was employed by the Lake County Engineer. The motorcycle was ultimately appraised on the day of trial when the owner brought it to Painesville on the day he was scheduled to testify.

{¶39} Norma's total attorney fees were $19,190.

{¶40} Jeffery challenges the factual basis of the award. Due to the lack of a record, however, the magistrate's findings can neither be confirmed nor disproven, but

must be accepted. Jeffery also raises various legal arguments involving R.C. 2323.51 and Civil Rule 11, neither of which is relevant in the present matter. We find no abuse of discretion.

{¶41} The third assignment of error is without merit.

{¶42} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, terminating the parties' marriage and dividing the marital estate, is affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.