2015 IL App (3d) 140263

Opinion filed May 29, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| *In re* MARRIAGE OF LINDA ROBERTS, | ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Petitioner-Appellant, | ) ) ) | Appeal No. 3-14-0263 |
| and | ) ) ) | Circuit No. 11-D-851 |
| DAVID E. ROBERTS, | ) ) ) ) | Honorable Katherine Gorman, Judge, Presiding. |
| Respondent-Appellee. | ) ) | |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1      After 37 years of marriage, petitioner, a teacher, filed a petition for dissolution of marriage against respondent, a disabled pharmacist. The trial court divided the property of the parties, and awarded each party a one-half interest in petitioner's pension from the Teachers' Retirement System (TRS). Petitioner appeals, arguing that the trial court should have awarded her pension solely to her, or, alternatively, should have granted her maintenance in an amount

equal to the payments respondent would receive from her pension. We reverse and remand, finding that the trial court erred in awarding half of petitioner's TRS pension to respondent.

¶ 2 Petitioner, Linda Roberts, and respondent, David Roberts, married in 1974. Petitioner filed a petition for dissolution of marriage in 2011. The petition stated that there were "no arrangements between the parties concerning maintenance or the allocation of the property held by the parties." Plaintiff requested that she "be awarded a just and equitable portion of the marital property" and "be granted such other and further relief as may be appropriate under the evidence and circumstances." Respondent filed a response to the petition, as well as a petition for temporary maintenance. The parties filed cross petitions for dissipation of assets.

¶ 3 Testimony presented at trial established that the parties had three children during their marriage. All of the children are now emancipated adults. At the time of trial, petitioner was 62 years old and working as a middle school science teacher. She had submitted her retirement notice and had two more years to work before it took effect. Respondent was 61 years old and worked as a pharmacist from 1974 to 2009. In 2009, he was found to be disabled and began receiving Social Security disability benefits. In 2013, he was receiving disability benefits of $2,386 per month.

¶ 4 In 1992, petitioner was hired as a teacher for Bartonville School District #66. Prior to that, she worked as a nurse for several years and contributed to Social Security. From 1992 on, she contributed to a TRS pension instead of Social Security. When she retires, her TRS pension will pay $2,056 per month. Her Social Security income at age 62 will be $282 per month.

¶ 5 Both parties submitted financial affidavits. According to respondent's financial affidavit, his monthly expenses total $2,235.61. According to petitioner's second amended financial

2

affidavit, her monthly expenses total $4,064.36. In 2012, petitioner's net income was $37,694.52, and respondent's net income was $27,319.40.

¶ 6 In her closing statement to the court, petitioner requested that all of the parties' retirement accounts, except for her TRS pension, be equally divided between the parties. She requested that her TRS pension be awarded solely to her.

¶ 7 After hearing the evidence and testimony, the trial court announced its oral ruling on the petition for dissolution and motions filed by the parties. The court equally divided the parties' retirement accounts, which had a value of over $300,000. The court also ordered that petitioner's TRS pension be divided equally between the parties by a "Qualified Illinois Domestic Relations Order" (QILDRO). The court ordered that the parties pay their own debts and their own attorney's fees. The court denied respondent's request for maintenance and found no dissipation of marital assets by either party. The court equally divided the cash assets between the parties.

¶ 8 After the court announced its ruling, petitioner asked the court to allow her to pay respondent one-half of the current value of her TRS pension instead of dividing future payments between her and respondent and issuing a QILDRO in favor of respondent. The court declined, stating: "[T]here's no way to actually ascertain what the value is. I mean, so I'm going to stick with my original order and ask that it be QLDRO'd [*sic*]."

¶ 9 Petitioner filed a motion to reconsider the court's ruling, arguing that the court erred in dividing her TRS pension and failing to award her maintenance because, upon her retirement, she will receive a total of $1,310 per month from her pension and Social Security, while respondent will receive monthly income of $3,414.90 from half of her pension and his Social Security disability payments. At the hearing on the motion, petitioner requested that the court

either (1) award her TRS pension solely to her, or (2) order respondent to pay monthly maintenance equal to the amount he would receive from her TRS pension upon her retirement. The trial court denied petitioner's motion.

¶ 10                                                    I

¶ 11        Petitioner first argues that the trial court should have awarded her entire pension to her to equalize the parties' incomes after she retires.

¶ 12        Pursuant to section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (Act), marital property, which includes pensions, must be divided in "just proportions." 750 ILCS 5/503(d) (West 2012); *In re Marriage of Callahan*, 2013 IL App (1st) 113751, ¶ 21. While the distribution need not be mathematically equal, it must be equitable. *Id*.

¶ 13        The trial court has broad discretion in the division of marital assets. *In re Marriage of Wojcik*, 362 Ill. App. 3d 144, 161 (2005). We will reverse a trial court's division only where it constitutes an abuse of discretion. *Id*. An abuse of discretion occurs when no reasonable person would take the view adopted by the trial court. *Id*.

¶ 14        While most other states permit trial courts to consider a spouse's current or anticipated Social Security benefits in making an equitable distribution of marital assets, Illinois prohibits courts from giving any consideration to Social Security benefits when dividing marital property. *In re Marriage of Crook*, 211 Ill. 2d 437, 449-50 (2004). According to our supreme court, considering Social Security benefits in dividing marital property would conflict with federal law, which prohibits the transfer or assignment of Social Security benefits. *Id*. at 443-53 (citing 42 U.S.C. § 407(a) (2000)). "A trial court dividing assets in a marital-dissolution proceeding should simply not give any consideration to federal social security benefits * * *." *In re Marriage of Rogers*, 352 Ill. App. 3d 896, 898 (2004).

4

¶ 15 Pension benefits attributable to contributions made during marriage are considered marital property and subject to division upon dissolution of the marriage. 750 ILCS 5/503(b)(2) (West 2012); *In re Marriage of Culp*, 399 Ill. App. 3d 542, 546 (2010). However, a different rule may apply when one party is receiving Social Security benefits and the other party participated in a pension system in lieu of Social Security. See *Marriage of Crook*, 211 Ill. 2d at 452 (refusing to decide whether a spouse who participates in a pension system in lieu of Social Security should be treated similarly as the other spouse who receives Social Security benefits). Courts in other states have held that "a spouse who participates in a pension system in lieu of Social Security must be placed in a position similar to that of the other spouse whose Social Security benefits will be statutorily exempt from equitable distribution." *Id.* (citing *In re Marriage of Kelly*, 9 P.3d 1046 (Ariz. 2000), *Walker v. Walker*, 677 N.E.2d 1252 (Ohio Ct. App. 1996), and *Cornbleth v. Cornbleth*, 580 A.2d 369 (Pa. Super. Ct. 1990)).

¶ 16 The intent and purpose of Social Security is to provide a source of income for retired persons. See *Helvering v. Davis*, 301 U.S. 619, 641 (1937) (Social Security Act was created "to save men and women from the rigors of the poor house as well as the haunting fear that such a lot awaits them when journey's end is near"). Similarly, the purpose of state-created pension systems, such as TRS, is to provide a stream of income to workers after they retire so that they can support themselves. See 40 ILCS 5/16-101 (West 2012) (TRS created to provide retirement annuities and other benefits for teachers, annuitants and beneficiaries); see also 40 ILCS 5/14-102 (West 2012) (purpose of State Employees' Retirement System of Illinois is "to provide an orderly means whereby aged or disabled employees may be retired from active service, without prejudice or hardship, and to enable employees to accumulate reserves for themselves and their dependents for old age, disability, death and termination of employment").

5

¶ 17    Public "pensions paid to government employees 'are generally designed to take the place of * * * social security.' " *Bowman v. Barnhart*, 218 F. Supp. 2d 960, 964 (N.D. Ill. 2002) (quoting H.R. Rep. No. 98-25, at 22 (1983), *reprinted in* 1983 U.S.C.C.A.N. 219, 239-40). Since individuals receiving Social Security enjoy an exemption of those benefits from equitable distribution, individuals participating in a pension system in lieu of Social Security should be treated in the same way.  See *Kelly*, 9 P.3d at 1048; *Silcox v. Silcox*, 6 S.W.3d 899, 902 (Mo. 1999); *Wallach v. Wallach*, 37 A.D.3d 707, 709 (N.Y. App. Div. 2007); *In re Marriage of Kohler*, 118 P.3d 621, 624-25 (Ariz. Ct. App. 2005); *Bohon v. Bohon*, 102 S.W.3d 107, 110 (Mo. Ct. App. 2003); *Cornbleth*, 580 A.2d at 371; *Walker*, 677 N.E.2d at 1253-54.

¶ 18    In this case, the trial court properly excluded respondent's Social Security benefits in its division of marital property.  However, the court not only considered petitioner's TRS pension, but equally divided it between the parties.  As a result, when petitioner retires, she will receive a total monthly income of $1,310.00, consisting of her Social Security benefits and her half of her pension, while respondent will receive monthly income of $3,414.90, consisting of his Social Security benefits and his half of petitioner's pension.  The parties' financial affidavits show that petitioner's monthly expenses are $4,064.36, and respondent's are $2,235.61.  The trial court's division of property will leave petitioner with a monthly deficit of $2,700, while respondent will enjoy a monthly surplus of $1,100.

¶ 19    The Act requires that the division of marital assets be equitable.  *Callahan*, 2013 IL App (1st) 113751, ¶ 21.  Here, where the trial court equally divided petitioner's TRS pension benefits, between petitioner, who will receive less than $300 per month in other income after retirement, and respondent, who is receiving more than $2,000 per month in other income, the division of marital assets was inequitable.  Similarly, since petitioner participated in a pension system in lieu

6

of Social Security, the TRS pension benefits that she earned instead of Social Security should not be subject to division. See *Kelly*, 9 P.3d at 1048; *Wallach*, 37 A.D.3d at 709; *Silcox*, 6 S.W.3d at 902; *Kohler*, 118 P.3d at 624-25; *Bohon*, 102 S.W.3d at 110; *Cornbleth*, 580 A.2d at 371; *Walker*, 677 N.E.2d at 1253-54. These jurisdictions hold that only the portion of a pension that exceeds the benefits the party would have earned under Social Security should be included in the marital estate for equitable distribution purposes. See *Wallach*, 37 A.D.3d at 709; *Cornbleth*, 580 A.2d at 372; *Walker*, 677 N.E.2d at 1253-54. We agree and find this to be an equitable distribution under the statute.

¶ 20    We reverse that portion of the trial court's award that grants respondent one-half of petitioner's TRS pension. On remand, the court must determine the value of the Social Security benefits petitioner would have received if she had participated in Social Security instead of TRS. See *Wallach*, 37 A.D.3d at 709. The court should then grant petitioner that portion of her pension equal to what she would have received under Social Security. See *id*. The portion of petitioner's pension exceeding the value of the Social Security benefits she would have received, if any, remains subject to equitable distribution. See *id*.; *Cornbleth*, 580 A.2d at 372; *Walker*, 677 N.E.2d at 1253-54.

¶ 21                                    II

¶ 22    Petitioner alternatively contends that the trial court should have awarded her maintenance equal to the payments respondent will receive from her TRS pension. Since we have reversed the trial court's award of one-half of petitioner's pension to respondent, we need not address this issue.

¶ 23    The judgment of the circuit court of Peoria County is reversed, and the cause is remanded.

7

¶ 24        Reversed and remanded.